# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JANE DOE, a pseudonym,

    Plaintiff,

vs.                                                                                          Case No. 3:23-cv-609-MMH-LLL

BAKER COUNTY, et al.,

    Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's responses (Docs. 94, 96-99; Responses) to several pending motions to dismiss, all filed on July 16, 2024. In the Responses, Plaintiff, in addition to asserting that Defendants' motions to dismiss are due to be denied, alternatively requests leave to amend her complaint in the event the Court finds that her allegations are inadequate. See Response (Doc. 94) at 20; Response (Doc. 96) at 20; Response (Doc. 97) at 11; Response (Doc. 98) at 18; Response (Doc. 99) at 20. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla., 48 F. 4th 1222, 1236 (11th Cir. 2022) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition

memorandum, the issue has not been raised properly." (quoting Newton v. Duke Energy Fla., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018))); Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009).

Moreover, even if it were proper to include this request in the Responses, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Responses also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same). Thus, the Court will not entertain Plaintiff's

request for relief included in the Responses.[1]  Plaintiff is advised that, if she wishes to pursue such relief, she is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**ORDERED**:

To the extent that she requests affirmative relief from the Court, Plaintiffs' Responses (Docs. 94, 96-99) are **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of July, 2024.

MARCIA MORALES HOWARD
United States District Judge

---

[1] The Court notes that in each Response, Plaintiff cites Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) for the proposition that a "plaintiff must be given at least one chance to amend before dismissing with prejudice." See, e.g., Response (Doc. 94) at 20. Significantly, the authority on which the Bryant decision relies for this proposition is Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), a decision that the Eleventh Circuit Court of Appeals, sitting en banc, expressly overruled in Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002), a case decided over twenty years ago.  Plaintiff's counsel is cautioned that his duty of candor to the Court includes the obligation to assure the continuing viability of any authority cited to the Court.

Following Wagner, a district court is "not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." See Wagner, 314 F.3d at 542.  As explained in the body of this Order, the perfunctory one-sentence request embedded in the Responses is insufficient to constitute a request for leave to amend within the meaning of Wagner.  See Chabad Chayil, Inc., 48 F.4th at 1236.

lc11

Copies to:

Counsel of Record

4