## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |
|---|---|
| **JANE DOE, a pseudonym,**<br><br>        **Plaintiff,**<br><br><br>**v.**<br><br>**BAKER COUNTY CORRECTIONS MANAGEMENT CORPORATION, SCOTTY RHODEN, SHERIFF, RANDY CREWS, UNDERSHERIFF, JAMES MESSER, LIEUTENANT, PEYTON PRESCOTT, SHERIFF'S DEPUTY, BRIAN LOUIS ROBINSON,**<br><br>        **Defendants.** | **3:23-cv-00609-CRK-LLL** |

## <u>ORDER</u>

The above-captioned matter arises from Plaintiff Jane Doe's allegations of sexual assault, battery, and retaliation.  <u>See</u> ECF No. 79.  Before the court is the parties' Joint Motion for Entry of Protective Agreement and Protective Order.  <u>See</u> ECF No. 158.  For the reasons that follow, the parties' protective agreement is approved and adopted, and the motion for protective order is granted.

Federal Rule of Civil Procedure 26(c) provides that a court may issue a protective order upon a party's showing of "good cause."  Fed. R. Civ. P. 26.  Where good cause is shown, the court may issue a protective order, and in its reasoning,

3:23-cv-00609-CRK-LLL

must balance the interests of the parties and non-parties in the discovery material. In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987).

The court finds there is good cause to enter the parties' stipulated protective order. Much of the discovery material in this matter will be sensitive or confidential in nature and not otherwise available to anyone other than the producing party. The court also finds that the protective order will aid in hastening the production of discovery materials between the parties and encourage the prompt resolution of confidentiality disputes. See ECF No. 158-1. The protective order preserves the right of the parties to challenge the "confidential" designation of documents and allows the parties to seek leave with the court to modify the protective order at any time. See ECF No. 158-1. The protective order balances the legitimate needs of the parties for confidentiality with the non-parties interest in the discovery material. Accordingly, the parties have shown good cause to enter a protective order in this case. Nothing in this Order or in the parties' protective agreement, however, shall be construed as excusing the parties from their obligations in the Local Rules. In light of the foregoing, it is

**ORDERED** that the parties' joint motion for entry of the protective order is granted; and it is

ORDER - 2

3:23-cv-00609-CRK-LLL

**ORDERED** that the stipulated protective order will be entered separately from this order.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated:     December 11, 2025
New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**ORDER - 3**