UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

|  |  |
|---|---|
| JANE DOE, a pseudonym,<br><br>        Plaintiff,<br><br><br>v.<br><br>BAKER COUNTY CORRECTIONS MANAGEMENT CORPORATION, SCOTTY RHODEN, SHERIFF, RANDY CREWS, UNDERSHERIFF, JAMES MESSER, LIEUTENANT, PEYTON PRESCOTT, SHERIFF'S DEPUTY, BRIAN LOUIS ROBINSON, TYLER M. CURRY, DEPUTY SHERIFF, KRISTOPHER KIRKLAND, DEPUTY SHERIFF, WYATT RHODEN, DEPUTY SHERIFF,<br><br>        Defendants. | 3:23-cv-00609-CRK-LLL |

## OPINION AND ORDER

Before the court are (1) Defendant Sheriff Scotty Rhoden's ("Defendant" or "Sheriff Rhoden") Motion to Compel Non-Party Discovery, Mar. 17, 2026, ECF No. 167 ("Def. Mot.") and (2) Plaintiff's Motion for Protective Order and To Quash or Modify Subpoena, Mar. 31, 2026, ECF No. 171 ("Pl. Mot."). Defendant moves under Fed. R. Civ. P. 37(a) seeking an order to compel the Women's Center of Jacksonville, Inc. ("Women's Center") to produce all documents requested by subpoena. Def. Mot. at 1. Plaintiff moves under Fed. R. Civ. P. 26(c) for a protective order and under Fed.

OPINION AND ORDER - 1

**3:23-cv-00609-CRK-LLL**

R. Civ. P. 45(d)(3)(A) to quash or modify the subpoena directed to the Women's Center. Pl. Mot. at 1. Plaintiff seeks a "first review procedure" under which her counsel would review the Women's Center's documents before production to Defendants and withhold any privileged or irrelevant material, so that only nonprivileged documents are produced. Pl. Resp., Mar. 31, 2026, ECF No. 170 at 7–8 ("Pl. Resp."); Pl. Mot. for Protective Order & Mot. to Quash or Modify Subpoena, Mar. 31, 20126, ECF No. 171 at 1–2 ("Pl. Mot."). For the following reasons, Defendant's Motion is granted, and Plaintiff's Motion is denied.

## BACKGROUND

This matter arises from Plaintiff's claims against Defendants Baker County Corrections Management Corporation, Scotty Rhoden, Randy Crews, James Messer, Peyton Prescott, Brian Louis Robinson, Tyler M. Curry, Wyatt Rhoden and Kristopher Kirkland for negligence, assault, battery, false imprisonment, infliction of emotional distress, and violation of her Due Process rights during her detention at the Baker County Detention Center. See Third Amended Complaint, Jun. 5, 2025, ECF No. 141 ("Compl."). Plaintiff seeks economic and noneconomic damages, including pain and suffering, medical expenses, loss of earnings, mental anguish, anxiety, humiliation and embarrassment, psychological and emotional pain, distress, injury, and loss of social pleasure and enjoyment. See generally id.

Defendant Sheriff Rhoden served his First Request for Production and First Set of Interrogatories on Plaintiff on September 23, 2025. Def. Mot. at ¶ 1. In response to initial discovery concerning her mental health, Plaintiff produced a

**OPINION AND ORDER - 2**

**3:23-cv-00609-CRK-LLL**

Women's Center summary of treatment and identified the Women's Center as the provider from which she received counseling and mental health treatment following the incidents giving rise to this action. Id. at ¶¶ 2–4. On February 5, 2026, Defendant served a First Notice of Production from a Non-Party on the Women's Center for Plaintiff's records and advised that he intended to serve a subpoena for those records. Id. at ¶ 5. The Women's Center neither produced the requested documents nor provided a blank release form, explaining that the Release of Information forms had to be requested and completed by the client, not by third parties. Id. at ¶ 6; Email From Women's Center, Feb. 12, 2026, ECF No. 167-2. Counsel then conferred about how the records should be released but reached no agreement. Def. Mot. at ¶¶ 7–10.

Defendant served a subpoena on the Women's Center seeking production of Plaintiffs health records:

> Any and all medical records, including but not limited to reports of physical or mental examination, psychotherapy notes, x-rays, x-ray reports, MRI's, MRI reports, notes on attendance and/or treatment, memoranda, telephone memorandum slips, laboratory studies, records of physical therapy, reports of physical therapy, medication records including prescriptions written and pharmacy records, patient requests or data compiled by the patient, consultation records, medical bills, hospital records, notes, correspondence or other documentation, and any and all records whatsoever you may have in your possession or control pertaining to [Plaintiff Doe] . . . You must produce each and every piece of paper contained in your files regarding the patient, whether or not prepared by you (i.e., including letters or records sent to you from other healthcare providers.)

Exhibit Letter to the Women's Center Enclosing Subpoena at 5, Mar. 3, 2026, ECF No. 167-3 ("Subpoena"). As served, the subpoena requested all records the Women's

**OPINION AND ORDER - 3**

**3:23-cv-00609-CRK-LLL**

Center possessed pertaining to Plaintiff.  See id. at 5.  Defendant alleges that the Women's Center did not respond to the subpoena and now moves to compel compliance.  Def. Mot. at ¶¶ 15, 18.  On March 31, 2026, Plaintiff responded in opposition to the motion to compel and filed a cross-motion for protective order and to quash or modify the subpoena.  See Pl. Mot.; Pl. Resp.  In both the response and the motion, Plaintiff requests a "first review procedure" that would permit her counsel to review the Women's Center records before release to Defendants and limit production to nonprivileged documents.  Pl. Mot. at 2; Pl. Resp. at 2.

## DISCUSSION

Defendant seeks all documents from the Women's Center in connection with Plaintiff's claims for "pain and suffering, medical expenses, loss of earnings, mental anguish, anxiety, humiliation, and embarrassment, psychological and emotional pain, suffering, distress, injury, violation of Plaintiff's Federal and State rights, loss of social pleasure and enjoyment."  Def. Mot. at ¶ 5; Compl. ¶ 1.  Plaintiff seeks a "first review procedure" under which her counsel would receive and review the Women's Center's documents before production to Defendants and withhold any privileged material so that only nonprivileged documents are produced.  Pl. Mot. at 1–2.  Because the subpoena, as limited to Plaintiff's counseling and mental health treatment records from the Women's Center, seeks relevant and proportional discovery, Defendant complied with Rule 45, and Plaintiff has shown neither good cause for protection nor grounds to quash or modify the subpoena, Defendant's motion

**OPINION AND ORDER - 4**

**3:23-cv-00609-CRK-LLL**

to compel is granted, and Plaintiff's motions for protective order and to quash or modify the subpoena are denied.

A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).   Relevant information for discovery "need not be admissible" in evidence. Id.  The standard is broad, and the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Moore v. Armour Pharm. Co., 927 F.2d 1194, 1197 (11th Cir. 1991).  A party moving for an order compelling discovery bears the initial burden to show that the information sought is relevant. Id.  The court considers, on a motion to compel, the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).  Once the moving party makes that showing, the party resisting discovery must establish lack of relevance or undue burden. Jagoda v. Ideal Collection Services, Inc., No. 8:24-cv-884-CEH-SPF, 2025 WL 1518209, at *2 (M.D. Fla. May 27, 2025).  While confidential communications between a psychotherapist and patient are privileged, that privilege can be waived where a party puts her mental condition in issue. Jaffee v. Redmond, 518 U.S. 1, 15 n.14 (1996); Thomas v. Seminole Elec. Coop., Inc., No. 8:16-cv-3404-T-35JSS, 2017 WL 2447722, at *4–5 (M.D. Fla. June 6, 2017).  A plaintiff claiming damages for emotional distress puts her mental condition in issue when she brings a claim for intentional infliction of

**OPINION AND ORDER - 5**

**3:23-cv-00609-CRK-LLL**

emotional distress, alleges a specific mental or psychiatric injury or disorder, claims unusually severe emotional distress, offers expert testimony in support of an emotional distress claim, or concedes that her mental health is in controversy.  Bravo v. IQ Data International, Inc., No. 8:21-cv-00887-TPB-SPF, 2021 WL 12323967 at *2 (M.D. Fla. Jul. 9, 2021) (citing Thomas, 2017 WL 2447722, at *4).

A protective order may be issued to limit discovery where there is good cause to protect a person from annoyance, embarrassment, oppression, undue burden or expense.  Fed. R. Civ. P. 26(c)(1)(A).  The decision to enter a protective order is within the court's discretion and does not depend on a legal privilege.  Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1548 (11th Cir.1985).  The party seeking a protective order has the burden to demonstrate good cause exists to limit the discovery.  Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005). Where good cause is shown, the order may limit discovery by limiting the scope of disclosure or discovery to certain matters.  Fed. R. Civ. P. 26(c)(1)(D).

Further, Federal Rule of Civil Procedure 45 governs subpoenas issued to nonparties.  See Fed. R. Civ. P. 45.  The party issuing a subpoena duces tecum must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena.  Fed. R. Civ. P. 45(d)(1).  A party seeking to enforce a non-party subpoena bears the burden of demonstrating that it has complied with Rule 45's requirements.  Healey v. GEICO General Insurance Co., No. 5:25-cv-178-JSM-PRL, 2026 WL 74082, at *2–3 (M.D. Fla. Jan. 9, 2026); Jenkins v. Winn-Dixie Stores, Inc., No. 3:14-cv-1104-J-34MCR, 2015 WL 12915699, at *1 (M.D. Fla. Oct. 5, 2015).

**OPINION AND ORDER - 6**

**3:23-cv-00609-CRK-LLL**

A party has standing to challenge a subpoena served on a non-party where the party alleges a personal right or privilege with respect to the subpoena. Fed. R. Civ. P. 45; Auto-Owners Ins. Co., 231 F.R.D. 426 at 428.

The court must quash or modify a subpoena that fails to allow a reasonable time to comply, requires disclosure of privileged or other protected matter absent waiver or exception, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). A party seeking to enforce a subpoena must show compliance with Rule 45, after which the burden shifts to the subpoenaed party to object to the subpoena's validity. Johnson v. Petsmart, Inc., No. 6:06-cv-1716-Orl-31UAM, 2007 WL 2852363, at *1 (M.D. Fla. Oct. 2, 2007). Where a nonparty fails to comply with a subpoena, the available sanction is contempt. Id. at *1. The Middle District's Local Rules also require the movant to confer in good faith before filing most discovery motions. See M.D. Fla. R. 3.01(g).

Plaintiff's claims against Defendants and the emotional damages she alleges put her mental health in issue, and therefore, the psychotherapist-patient privilege is waived and information regarding her mental health is discoverable.[1] Plaintiff makes claims against Defendants for intentional infliction of emotional distress, and seeks damages for mental anguish, anxiety, humiliation, embarrassment,

---

[1] Plaintiff does not allege that the subpoena was insufficient. See generally Pl. Resp. Defendant Sheriff Rhoden served Plaintiff with a notice of intent to subpoena, the Women's Center declined to release records absent a release form from Plaintiff, and then Defendant served the subpoena. Def. Mot. at ¶¶ 5–13. When the Women's Center failed to produce any documents, Defendant moved to compel production in accordance with Rule 45. Id.

**OPINION AND ORDER - 7**

3:23-cv-00609-CRK-LLL

psychological and emotional pain, distress, injury, and loss of enjoyment of life.  See

generally Pl. Compl.  The claims place Plaintiff's mental health in issue in this action.

See Fed. R. Civ. P. 26(b)(1); Bravo, 2021 WL 12323967 at *2 (where a plaintiff makes

claims for intentional infliction of emotional distress, and alleges depression, anxiety

and fear, she places her mental health in issue, and thus, medical and psychological

records are relevant to the claims and defenses, and discoverable).  Plaintiff identified

the Women's Center as her counseling provider and produced a treatment summary

from that provider in discovery.  Def. Mot. ¶¶ 1–4.  Records from that provider are

therefore relevant to the nature, timing, extent, and cause of her claimed emotional-

distress damages.  See Zaffis v. City of Altamonte Springs, Florida, No. 6:06-cv-385-

Orl-31DAB, 2007 WL 646959 at *2 (Feb. 27, 2007).  Plaintiff's only argument in

opposition to the subpoena and in support of a protective order is that her counsel

should have a right of first review to limit the scope of discoverable information.[2]  See

generally Pl. Resp.; Pl. Mot.  However, Plaintiff does not explain or point to any

---

[2] Plaintiff's reliance on Thomas is inapposite. See Pl. Mot. at 5.  In Thomas, the court
first found that the plaintiff had waived the psychotherapist-patient privilege only as
to communications concerning the specific mental health condition she placed in
issue, and it correspondingly narrowed the subpoena to records relating to treatment
of that condition. Thomas, 2017 WL 2447722, at *4–5 (M.D. Fla. June 6, 2017).  Only
after making that waiver finding and narrowing the scope of production did the court
permit plaintiff-side review for limited redactions. See id.  Thomas therefore does not
support using a "first review procedure" as a standalone mechanism to prevent direct
production of unrestricted files.

OPINION AND ORDER - 8

**3:23-cv-00609-CRK-LLL**

circumstances which would require her counsel to have the right of first review.  Id. Thus, Plaintiff has failed to show good cause exists for such a limitation.[3]

Quashing or modifying the subpoena is also unwarranted.  Defendant has shown compliance with Rule 45, and the Women's Center failed to produce any documents or otherwise respond to Defendant.  Def. Mot. ¶¶ 15, 18.  The Women's Center did not serve objections within Rule 45(d)(2)(B)'s deadline or move for protection.  The Women's Center's preference for a client-completed release form does not defeat an otherwise valid subpoena.

## CONCLUSION

Defendant has sufficiently shown compliance with Rule 45, and neither Plaintiff nor the Women's Center has shown a basis to deny enforcement of the subpoena.  Further, Plaintiff has not shown there is good cause to restrict discovery of Plaintiff's mental health documents where she has put her mental health in issue. To the extent Plaintiff has concerns regarding the release of information, that concern can be resolved by a confidentiality stipulation between the parties.

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Compel Production is GRANTED; and it is further

---

[3] Defendant argues that Plaintiff's motion for protective order and to quash the subpoena is untimely, because it was made after the date of discovery material was to be produced.  See Def. Resp. to Pl. Mot. for Protective Order & Mot. to Compel at 7–8, Apr. 14, 2026, ECF No. 179.  Because the court denies the motion for protective order and grants the motion to compel on the merits, it does not reach the argument that the motion was untimely.

**OPINION AND ORDER - 9**

3:23-cv-00609-CRK-LLL

**ORDERED** that Plaintiff's Motion for Protective Order is DENIED; and it is further

**ORDERED** that Plaintiff's Motion to Quash Subpoena is DENIED; and it is further

**ORDERED** that within five days of entry of this Order, counsel for the parties shall meet and confer to discuss whether a confidentiality stipulation is necessary for production of documents responsive to the subpoena and thereafter file a status report to the Court regarding the meeting; and it is further

**ORDERED** that within five days of entry of this Order, Plaintiff's counsel shall provide the Women's Center with copies of this Order; and it is further

**ORDERED** that within thirty days of their receipt of this Order, the Women's Center shall produce documents responsive to the subpoena to Defendant's counsel, Spellman Law, P.A., 905 East Park Avenue, Tallahassee, FL 32301.  Defendant shall reimburse the Women's Center for the cost of the copies.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated:         April 15, 2026
               New York, New York

---

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

OPINION AND ORDER - 10