**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **JANE DOE, a pseudonym,**<br>**Plaintiff,**<br><br>**v.**<br>**BAKER COUNTY, ET AL.,**<br>**Defendants.** | **3:23-cv-00609-CRK-LLL** |

**OPINION AND ORDER**

Before the court is Plaintiff Jane Doe's ("Plaintiff") Motion to Strike Objections and Compel Discovery, (July 7, 2026), ECF No. 198 ("Pl. Mot."). Plaintiff moves under Federal Rule of Civil Procedure 37(a) seeking an order to compel the Defendant to produce "complete, unredacted files for reported sexual abuse and sexual harassment incidents at the Baker County Detention Center ("BCDC"), and PREA [Prison Rape Elimination Act] Annual Statistical Reports." Pl. Mot. at 1. Defendant Sheriff Scotty Rhoden ("Defendant" or "Sheriff Rhoden") responded to the Motion to Compel on July 22, 2026. Def. Resp. in Opposition to Motion to Strike Objections and Motion to Compel, (July 22, 2026), ECF No. 205 ("Def. Resp."). For the following reasons, Plaintiff's motion is denied.

## BACKGROUND

This motion arises from Plaintiff's claims against Defendants Baker County Corrections Management Corporation, Sheriff Scotty Rhoden, in his official capacity,[1] Randy Crews, James Messer, Peyton Prescott, Brian Louis Robinson, Kristopher Kirkland, Tyler M. Curry, and Wyatt Rhoden for negligence, assault, battery, false imprisonment, intentional infliction of emotional distress, and sex trafficking during her detention at BCDC. See Third Amend. Compl., (June 5, 2025), ECF No. 141. Plaintiff seeks economic and noneconomic damages, including pain and suffering, medical expenses, loss of earnings, mental anguish, anxiety, humiliation and embarrassment, psychological and emotional pain, distress, injury, and loss of social pleasure and enjoyment. Id. at ¶ 47.

On March 6, 2026, Plaintiff served the Second Set of Requests for Production ("RFP") on Defendant Rhoden, seeking documents pertaining to the 46 individual reported incidents that appeared in the 2019 PREA Annual Statistical Report for Baker County Sheriff's Offices.[2] Pl. Mot. at 3; Pl. Second Set of Requests for Production, (Mar. 6, 2026), ECF No. 198-3 ("Pl. Second RFP"). Plaintiff requested

---

[1] Plaintiff has filed a motion to amend the Third Amended Complaint, voluntarily dismissing the negligence claim against Defendant Sheriff Scotty Rhoden and re-asserting the 42 U.S.C. § 1983 claims against Defendant Sheriff Scotty Rhoden in his individual and official capacities. See Pl. Mot. for Leave to File Fourth Amend. Compl. at 1, (July 20, 2026), ECF No. 202. Because the Third Amended Complaint contains an array of claims against various Defendants in connection with Plaintiff's rape at Baker County Correctional Facility, the court need not resolve the motion to amend to decide the issues in the motion to compel.

[2] Plaintiff was in possession of the 2019 PREA Annual Statistical Report. See Pl. Mot. at 3.

"incident reports, PREA reports, investigative files, internal affairs files, administrative reviews, memoranda, witness statements, detainee complaints, grievance records, disciplinary findings, and related documents" for any incident of sexual harassment or abuse between 2014 and 2018. Pl. Second RFP at ¶ 1. Plaintiff also sought the Baker County Sheriff's Office PREA Annual Statistical Reports from BCDC for 2016 through 2018, and 2020 through the present. Id. at ¶ 2.

On June 1, 2026, Defendant filed its response to Plaintiff's Second Set of RFP. See Def. Response to Pl. Second Set of Requests for Production, (June 1, 2026), ECF No. 198-4 (Def. Resp. to Pl. Second RFP"). Defendant provided the PREA statistical reports from 2018. See id. at ¶ 2; Def. Resp. However, Defendant objected to the Plaintiff's relevant period of "2010 through 2020" for statistical reports and argued that the relevant period should be confined to 2017 through 2019, from the time Sheriff Rhoden commenced his role until Plaintiff's detention concluded. Def. Resp. to Pl. Second RFP at ¶ H. Defendant also objected to Plaintiff's request for incident reports, arguing (1) that the request is "not proportional to the needs of the case to the extent it seeks identifying information of victims" and (2) that the terms "investigative files," "grievance records," and "in connection with" are vague and overbroad. Id. at ¶ 1.

On June 10, 2026, Plaintiff emailed Defendant explaining that Defendant's concern with identifying alleged victims should already be addressed through the Confidentiality Order, and requested Defendant to either produce the materials, explain why the confidentiality order is insufficient, or provide additional reasoning

for withholding documents.[3] Pl. Mot. at 4. Plaintiff's email also requested PREA Annual Statistical Reports for 2016, 2017, and 2020 through the present, which Plaintiff requested but Defendant had not yet provided. Id. Defendant responded by email on June 11, 2026, informing Plaintiff that it would be producing redacted incident reports for 2018 and 2019 by July 1, 2026, but that it would not provide statistical reports for 2020 because those reports are not relevant, and would not provide statistical reports for 2016 and 2017 because those reports do not exist. Def. Email Correspondence with Pl., (July 21, 2026), ECF No. 205-2 ("Def. Email Ex.")

Based on the emails provided from Plaintiff and Defendant, it appears nearly a month went by without any communication until July 7, 2026, when Plaintiff informed Defendant via email that Plaintiff "ha[d] no choice but to move to compel" the remaining requested PREA incident and PREA statistical reports. Id. Without further communication, Plaintiff filed the motion to compel the same day, July 7, 2026. See Pl. Mot.

In an email response on July 8, 2026, Defendant informed Plaintiff it was collecting pre-2018 incident reports and would produce them to Plaintiff. Def. Email Ex. Additionally, Defendant noted it did not produce the 2019 incident reports because Plaintiff did not request them in the Second RFP, and Defendant requested additional explanation as to why incident and statistical reports from 2020 to the

[3] On December 11, 2025, the court entered a joint protective agreement and order offered by the parties. Joint Protective Agreement and Order, (Dec. 11, 2025), ECF No. 160 ("Protective Order"). The Protective Order provides procedures for designation of information as "Confidential" and for the exchange of confidential information. See Protective Order.

present (after Plaintiff's sexual assault) are relevant and proportional. Id. On July 10, 2026, the parties exchanged emails regarding the relevance of the 2020 statistical report and the availability of the 2017 and 2018 incident reports. See id. Defendant also issued a supplemental response to Plaintiff's Second RFP on July 10, 2026, agreeing to provide statistical reports for 2018, 2019, and 2020. See id.; Def. Supp. Resp. to Pl. Second RFP, (Jul. 17, 2026), ECF No. 205-4. On July 13, Defendant agreed to produce the 2020 statistical report, 2017 incident reports, and the 2019 incident reports pre-dating Plaintiff's incident. See Def. Email Ex.

In its motion, Plaintiff contends that Defendant provided some redacted incident packets from 2018 without any explanation of the redactions, and that Defendant failed to account for the remaining 29 of the 46 reported incidents that took place between 2014 and 2017 and were included in the 2019 statistical report. Pl. Mot. at 5. Further, Plaintiff argues that Defendant must provide the annual PREA incident and statistical reports, including at least 2020, as the reports will "reflect reporting concerning Plaintiff's 2019 rape, [Baker County Sheriff's Office's] PREA response, and [Baker County Sheriff's Office's] handling of sexual abuse allegations during the year at issue." Id. Subsequent to Plaintiff filing this Motion to Compel, on July 7, 2026, Defendant provided the 2017, 2018 and 2019 incident reports and the 2018, 2019 and 2020 statistical reports. See generally id.

## DISCUSSION

Plaintiff requests the court (1) strike Defendant's objections to Request No. 1 of Plaintiff's Second RFP; (2) compel Defendant to identify each of the 46 reported

sexual abuse and sexual harassment incidents reflected in the 2019 PREA statistical report; (3) compel production of unredacted incident reports for all 46 incidents reflected in the 2019 PREA Annual Statistical Report for 2014 through 2018; (4) require Defendant to identify of "any 2019 sexual abuse and sexual harassment materials Defendant represented were being reviewed or redacted;" (5) compel Defendant to produce all PREA statistical reports from 2016, 2017, 2018 and 2020; and (6) prohibit Defendant from withholding or redacting responsive information. See id. at 6. Defendant first argues that Plaintiff's motion should be denied for failure to confer in good faith. Def. Resp. 6–8. Defendant also argues Plaintiff's motion should be denied because Defendant has provided incident reports from 2017, 2018 and 2019 and statistical reports from 2018, 2019 and 2020. Id. at 5. Defendant also argues incident reports from 2014, 2015 and 2016 do not exist, and therefore cannot be produced. Id. at 3. Further, Defendant argues Plaintiff's motion should be denied regarding the request for unredacted incident reports, because identifying information of individuals involved in the provided incident reports is neither relevant nor proportional to the needs of the case. Id. at 6. Finally, Defendant argues statistical reports from 2016 and 2017 do not exist and therefore cannot be produced, and statistical reports from 2020 through the present are neither relevant nor proportional to the needs of the case. Id. at 2–4, 12. For the reasons that follow, Plaintiff's motion is denied.

## I. Legal Framework

A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A party moving to compel discovery bears the initial burden to show that the information sought is relevant. Moore v. Lender Processing Servs. Inc., No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). Information is relevant if it "make[s] a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Garcia v. Padilla, No 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. Mar. 8, 2016) (quoting Fed. R. Evid. 401). Despite the broad scope of discovery, parties may not use discovery to go on a "fishing expedition," and courts are required to limit the scope of discovery to what is permitted by Rule 26(b)(1). See Fed. R. Civ. P. 26(b)(1)(C)(iii); Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006).

When analyzing whether discovery is proportional to the needs of the case, the court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Analyzing proportionality requires balancing the parties' claims and defenses against the significance of the requested discovery. Galaxy America, Inc. v. EZ Inflatables, Inc., No. 2:19-cv-855-JES-MRM, 2021 WL 12092683, at *3 (M.D. Fla. August 27, 2021) (citing Koster v. Landmark Am. Ins. Co., No: 5:14-cv-689-Oc-37PRL,

2016 WL 3014605, at *2 (M.D. Fla. May 20, 2016)). Once the moving party demonstrates relevance and proportionality, the party resisting discovery must establish lack of relevance, or undue burden. Jagoda v Ideal Collection Services, Inc., No. 8:24-cv-884-CEH-SPF, 2025 WL 1518209, at *2 (M.D. Fla. May 27, 2025) (citing Craig v. Kropp, No. 2:17-cv-180-FtM-99CM, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018)).

Further, a party cannot compel production of documents that do not exist, as requests for information must be limited to documents within the opposing party's "possession, custody, or control . . . ." Kaplan v. Kaplan, No. 2:10–cv–00237–CEH–SPC, 2010 WL 11474437, at *1 (M.D. Fla, October 8, 2010) (citing Fed. R. Civ. P. 34(a)(1)). There is "no set temporal scope of discovery," however, Rule 26(b)(2)(C)(iii) requires the court limit the extent of discovery "if the proposed discovery is outside the scope" of what is relevant and proportional. Fed. R. Civ. P. 26(b)(2)(C)(iii); Storves v. Island Water Assoc., Inc., No. 2:10–cv–274–FtM–36SPC, 2011 WL1742003, at *3 (M.D. Fla. May 6, 2011); see, e.g., Craig v. Kropp, No. 2:17–cv–180–FtM–99CM, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018) (limiting the production of documents to certain years); I.S.E.L. v. American Synthol, Inc., No. 308–cv–870–J–25TEM, 2009 WL 1657375, at *2 (M.D. Fla. June 10, 2009) (limiting the relevant time period for discovery).

## II. Statistical Reports

Plaintiff requests the court compel statistical reports from 2014, 2015, 2016, 2017, 2018 and 2020 through the present. Pl. Mot. at 6 (citing Pl. Second RFP). As

a threshold matter, Defendant has already produced the 2018, 2019 and 2020 annual statistical reports. See Def. Resp. at 5. The statistical reports publish data relating to the previous year. Pl. Mot. at 5. Plaintiff's sexual assault occurred in 2019, and therefore, the 2020 statistical report includes Plaintiff's incident, and Defendant agreed to produce it as it is relevant to the Plaintiff's claims. See Def. Resp. at 5; Def. Email Ex. Defendant asserts it cannot produce the PREA Annual Statistical Reports from 2016 and 2017 because they do not exist. See Pl. Mot. at Ex. D (Defendant stating "the PREA Annual Statistical Reports began in 2018."). Thus, there are no responsive documents for 2016 or 2017); Def. Resp. at 2–3. Considering Defendant's assertion that the statistical reports from 2016 and 2017 were never created and therefore do not exist, which Plaintiff does not counter, they cannot be compelled.

As for the remaining requested reports, Plaintiff has not established that the statistical reports for 2021 through the present are relevant or proportional to Plaintiff's claims. Plaintiff has obtained the statistical reports from 2018–2020. See Def. Resp. at 5. The statistical reports provide information about the number of inmate/detainee sexual abuse and sexual harassment incidents at BCDC, as well as information about whether the reports are "substantiated, unsubstantiated, unfounded or ongoing." Baker County Sheriff's Office PREA 2019 Annual Statistical Report, (July 7, 2026), ECF No. 198-1. Plaintiff argues that the post-incident statistical reports are relevant because "they show whether [Baker County Sheriff's Office] continued to identify, classify, track, and report sexual abuse and sexual harassment incidents after Plaintiff's rape, and whether [Baker County Sheriff's

Office] took corrective action in response to known risks." Pl. Mot. at 11–12. However, Plaintiff has not indicated how Baker County Sheriff's Office's tracking and reporting after Plaintiff was an inmate at BCDC would make a fact material to Plaintiff's negligence, assault, battery, false imprisonment, intentional infliction of emotional distress, and sex trafficking claims against Defendants more or less probable. Because Plaintiff has not established the relevance of statistical reports from 2021 to the present, Defendant need not produce them.

## III. Incident Reports

Plaintiff requests the court compel production of unredacted incident reports from 2014–2019. Pl. Mot. at 5, 11. Defendant has produced redacted incident reports for the years 2017, 2018, and pre-incident 2019.[4] Def. Resp. at 5. Defendant argues that the incident reports from 2014, 2015 and 2016 cannot be produced because they "have been purged due to the retention timeframe." Def. Email Ex. Further, Defendant argues that the 2017, 2018 and 2019 reports should not be unredacted because the identities of victims and witnesses are not relevant or proportional to the needs of the case. Def. Resp. at 10–11.

With regard to the 2014–2016 incident reports, as discussed above, Defendant's assertion that Defendant is not in possession of the reports forecloses the court's ability to compel production. See Fed. R. Civ. P. 34(a) (limiting a request for production of documents which are in the opposing party's "possession, custody, or

[4] Defendant produced the incident reports for 2017 and 2018 after the Plaintiff's motion was filed. See Def. Mot. at 5, Def. Email Ex.

control."); see also, Thermoset Corp. v. Building Materials Corp. of Am., No. 4–60268–CIV, 2014 WL 6473232, at *4 ("the court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable") (internal citations omitted).

The unredacted version of the incident reports from 2017, 2018, and 2019 are neither relevant nor proportional to the needs of the Plaintiff in obtaining information regarding the Baker County Sheriff's Office history of sexual assault and abuse. Defendant argues that identifying information of the inmates and detainees appearing in the requested files is not proportional to Plaintiff's case and that the Confidentiality Order does not address this objection. Def. Resp. at 12; see also Pl. Mot. at Exs. D, E. Defendant is correct on both accounts. The Protective Order explains that "[n]othing herein shall be construed to be an admission of relevance or proportionality, or to affect, in any way, the disclosure or admissibility of any documents, testimony, or other evidence in this action." Protective Order at ¶ 14. Consequently, Defendant's argument that identifying information of inmates in incident files is not proportional is not addressed by the Protective Order. Plaintiff's claim that "Defendant's confidentiality objections should be overruled" is misplaced, because Defendant made no such objection. See generally Def. Resp.; Def. Resp. to Pl. Second RFP. Plaintiff states that the identifying information is "necessary to test similarity, notice, institutional response, recurrence, witness knowledge, and correction action." Pl. Mot. at 9. Additionally, Plaintiff states that "Defendant has

exclusive access to the PREA" reports it seeks, suggesting that Plaintiff has no other way of obtaining it. Id. at 8.

Plaintiff does not explain, however, why the names and identities of victims are a necessary component of the analysis it seeks to conduct. See generally Pl. Mot. Plaintiff should be able to extract ample useful information from these incident files without the specific names of the purported victims. For example, the redacted incident files that Plaintiff possesses provide "the names of staff, investigators, supervisors, 'PREA personnel,' and decisionmakers," as well as information on "where the incidents occurred/allegedly occurred and how the Sheriff's Office responded . . . ." Def. Resp. at 10. The specific names of the victims do not add factual information of consequence to determining Plaintiff's claims against Defendants. Further, the risk of revealing identifying information about victims outweighs any probative value the information has on Plaintiff's case.

**IV. Failure to Confer**

Plaintiff's motion to compel is denied as explained above. Therefore, the Court need not reach Defendant's argument that Plaintiff's motion should be denied because Plaintiff failed to confer in good faith in accordance with Federal Rule of Procedure 37(a)(1) and Local Rule 3.01(g). Nevertheless, Plaintiff had a duty to confer and a duty to ensure representations made to the court were accurate and breached both duties by filing the instant motion to compel and failing to update the court when assertions made in the motion to compel were no longer accurate.

Where discovery disputes arise, the parties must confer in good faith before seeking the intervention of the court. Fed. R. Civ. P. 37(a)(1); see also Walker v. Corizon Health, Inc., No. 6:22-cv-1761-PGB-DAB, 2023 WL 422937, at *1 (M.D. Fla. Jan 26, 2023) (parties should work amicably to resolve differences before seeking "unnecessary taxing of the Court's time and judicial resources"). Local Rule 3.01(g) requires a movant certify it has conferred with the opposing party, state whether the parties agree on the resolution of all or part of the motion, and state how the conference was conducted. See M.D. Fla. Local Rule 3.01(g). "Confer" within the meaning of Rule 3.01(g) requires a "substantive discussion" which resolves, narrows, or clarifies discovery disputes. See id.; Middle District Discovery Handbook at I(A)(2). Rule 3.01(g) is "strictly enforced," and an "attempt" to confer does not meet the high standard of good faith. M.D. Fla. Local Rule 3.01(g); Good Gateway, LLC v. Orlando Gateway Partners, LLC, No. 6:25-cv-120-WWB-RMN, 2025 WL 2083415, at *1 (M.D. Fla. 2025) ("the movant must try diligently to contact the party and supplement the certification."). Additionally, parties have an ongoing duty to ensure that representations made to the court are accurate and certify that they are accurate. See Fed. R. Civ. P. 11(b); Rule 4-3.3(a), Rules Regulating the Florida Bar; M.D. Fla. Local Rule 3.01(g)(3) (requiring the movant to supplement a motion with a statement certifying whether the parties have resolved all or part of the motion if the parties conferred after the motion was made).

First, Plaintiff failed to confer in good faith with opposing counsel prior to making a motion to compel. Plaintiff emailed Defendant on June 10, 2026,

addressing Defendant's responses to Plaintiff's Second RFP. See Pl. Mot. at Ex. D; Def. Email Ex. Defendant responded on June 11, 2026, indicating it was reviewing and redacting documents to produce, and argued as to the relevance and proportionality of unredacted incident reports and post-incident statistical reports. Def. Email Ex. Plaintiff did not respond until July 7, 2026, writing, "Your email confirms that the parties remain at an impasse . . . Plaintiff has no choice but to move to compel. Plaintiff will certify that the parties conferred and were unable to resolve these issues." Id. Within a few minutes of notifying Defendant of its intent to file a motion to compel, Plaintiff filed the motion. See id.; Pl. Mot. The next day, July 8, 2026, Defendant responded to Plaintiff's email, noted that there was no good faith conferral, and indicated that it was willing to produce documents and that Plaintiff's motion was made without a good faith conference. See Def. Email Ex. Plaintiff's conduct does not satisfy the strict requirements of Local Rule 3.01(g) or 37(a)(1). A single email exchange on June 10–11, followed by almost a month of silence does not constitute the kind of ongoing "substantive conversation" that the rules require. See M.D Fla. Local Rules 3.01(g); Thompson v. Netcom Div.27, LLC, No: 5:25-cv-307-JSM-PRL, 2026 WL 657132, at *2 (M.D. Fla. Mar. 9, 2026) (Defendant did not conduct a "meaningful conferral" with Plaintiff where Defendant sent an email asking for responsive documents and advised that a motion to compel would be filed if no agreement was reached by the end of the week). Defendant's June 11, 2026 email indicated it was actively reviewing documents for production and discussed objections to the remaining documents. See Def. Email Ex. Instead of engaging in meaningful

discussion regarding the objections, Plaintiff's July 7, 2026 email declares an "impasse," and offers no opportunity for further conversation or path to resolution without court intervention. See id. In filing a motion to compel minutes after alerting Defendant that it would be doing so, Plaintiff foreclosed any possibility that Defendant could respond, clarify its position, or engage in active discussion regarding the dispute. Thus, Plaintiff failed to confer in good faith, despite certifying that it did so.

Second, Plaintiff's motion to compel is inaccurate. The motion to compel requests "the 2019 incident materials," noting that Defendant stated it was going to review, redact and produce them, but as of July 7, 2026 when the motion was filed, had not. Pl. Mot. at 11. However, Plaintiff never requested the 2019 incident materials from Defendant. See Pl. Second RFP at ¶ 1 (requesting incident reports from 2014–2018). Indeed, the emails provided by Defendant indicate that on June 11, Defendant said it was reviewing and redacting the 2019 incident files for production on July 1, but on July 8, Defendant "realized [Plaintiff] didn't even request any 2019 reports" so declined production. See Def. Email Ex. Then, on July 13, Defendant subsequently agreed to produce the 2019 incident reports "in a good faith effort" to complete discovery. See id. Plaintiff's motion asks for the court to compel production of the 2019 incident reports which it never requested and ultimately received while the motion was under consideration. See Pl. Mot. at 11. Plaintiff had notice on July 8, when Defendant informed Plaintiff that the RFPs did not request the 2019 incident reports that the motion to compel filed with the court was

inaccurate. See Def. Email Ex. Nonetheless, Plaintiff never informed the court, either by supplementing its motion, partially withdrawing its motion, or filing a correction, that it had asked the court to compel discovery it had never requested. Further, the emails provided by Defendant indicate that by July 13, 2026, Plaintiff had notice that Defendant had already produced, or agreed to produce, statistical reports from 2018, 2019 and 2020, as well as incident reports from 2017, 2018, and 2019. See id. The court was made aware that Plaintiff had received certain material the motion seeks to compel only when Defendant filed its response on July 21, 2026. See Def. Resp. Plaintiff, failing to confer in good faith, filed an unnecessary motion that it then failed to correct. In doing so, Plaintiff wasted the court's time, its client's time, and Defendant's time, and violated Local and Federal Rules of Procedure. The court will not impose sanctions for Plaintiff's violations; however, the court will entertain a motion for attorney's fees by Defendant, should it choose to bring one.

## CONCLUSION

Defendant has produced the 2018, 2019, and 2020 annual statistical reports and the 2017, 2018, and 2019 incident reports. Because the 2016 and 2017 statistical reports do not exist, and the 2017 incident reports are not in Defendant's possession, they cannot be compelled. Further, because Plaintiff has failed to show that the statistical reports from 2021 to the present or the incident reports from 2020 to the present are relevant or proportional to the claims against Defendants, they are outside the scope of discovery and Defendant need not produce them. Accordingly, it is

**ORDERED** that Plaintiff's motion to compel is DENIED.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated: July 27, 2026
New York, New York

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.