**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JANE DOE, a pseudonym,

     *Plaintiff,*

  v.

BAKER COUNTY CORRECTIONS
MANAGEMENT CORPORATION,
SCOTTY RHODEN,
RANDY CREWS, JAMES MESSER,
PEYTON PRESCOTT, BRIAN
LOUIS ROBINSON, KRISTOPHER
KIRKLAND, TYLER M. CURRY,
and WYATT RHODEN,

     *Defendants.*

Jury Trial Demanded

Case No.: 3:23-cv-00609-CRK-LLL

**PLAINTIFF'S UNOPPOSED MOTION TO SEAL UNDER FEDERAL RULE**
**OF CIVIL PROCEDURE 5.2(D) AND MIDDLE DISTRICT OF FLORIDA**
**LOCAL RULE 1.11 (CONFIDENTIAL EXHIBITS A AND B)**

Plaintiff Jane Doe ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 5.2(d) and Middle District of Florida Local Rule 1.11, moves to seal Confidential Exhibits A and B to Plaintiff's Motion for Protective Order Governing the Method and Conditions of Her August 31, 2026 Deposition ("Protective-Order Motion"), ECF No. 212. In support, Plaintiff avers as follows:

1. Confidential Exhibit A is the December 29, 2025 Confidential Neuropsychological Evaluation prepared by R. Lauren Miller, Psy.D., J.D., ABAP. The evaluation is 24 pages.

2.      Confidential Exhibit B is Dr. Miller's July 31, 2026 one-page letter recommending that Plaintiff's deposition proceed remotely rather than in person.

3.      The exhibits are necessary because together they supply the individualized clinical evidence supporting good cause under Rule 26(c). Confidential Exhibit A provides the underlying clinical findings, and Confidential Exhibit B applies those findings to the upcoming deposition.

4.      Sealing is necessary because both exhibits identify Plaintiff by her true name and contain detailed medical and psychological information that remains highly private independent of her pseudonymous status. Confidential Exhibit A also states her full date of birth and describes custodial sexual trauma, mental-health history, symptoms, diagnoses, psychological and neuropsychological testing and scores, behavioral observations, functional limitations, prognosis, and treatment recommendations. Confidential Exhibit B discloses Dr. Miller's clinical assessment of how an in-person deposition may affect Plaintiff's symptoms and ability to testify.

5.      Redacting only Plaintiff's identifying information would leave those substantive details exposed. Redacting the medical and psychological information would remove the evidence the Court must evaluate. Public filing would therefore both defeat Plaintiff's pseudonymous status and cause an irreversible invasion of medical privacy.

6.      Plaintiff has selected the least restrictive workable alternative. She has filed the Protective-Order Motion publicly, limited its discussion to the information necessary to explain the requested discovery protections, and will submit Confidential

2

Exhibits A and B as proposed sealed items contemporaneously with this motion, as Local Rule 1.11(b)(8) requires.

      7.      Defendants do not oppose the relief requested in this motion.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion and permit Confidential Exhibits A and B to remain under seal until ninety days after this action is closed and all appeals are exhausted, unless the Court orders otherwise.

**MEMORANDUM OF LAW**

## I.    LEGAL STANDARD

Local Rule 1.11 recognizes the presumption of public access and requires a motion to seal to describe the item; establish that filing and sealing are necessary; explain why redaction, a pseudonym, or another alternative is unavailable or unsatisfactory; include a legal memorandum; propose a duration; provide retrieval contact information; identify interested nonparties; and include the item sealed pending disposition. M.D. Fla. R. 1.11(a)–(b). Federal Rule of Civil Procedure 5.2(a)(2) independently requires a public filing to limit a person's birth date to the year, and Rule 5.2(d) authorizes the Court to order a filing under seal without redaction.

The common law access inquiry balances the asserted access interest against the party's interest in confidentiality, with particular attention to the nature and character of the information, the likelihood of harm to legitimate privacy interests, and the availability of a less onerous alternative. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). The Eleventh Circuit distinguishes discovery materials filed with discovery motions from materials used to resolve the merits. Because

3

Confidential Exhibits A and B accompany a motion concerning the conditions of Plaintiff's deposition, they are discovery materials filed with a discovery motion and are not subject to the common-law right of access. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). Even if the common-law presumption applied, Plaintiff's medical-privacy interest and pseudonymous status overcome it, and the requested seal is narrowly tailored.

## II.    ARGUMENT

### A.    Filing the Exhibits is Necessary

The Protective-Order Motion seeks relief under Rules 26(c) and 30(b)(4) governing the method, recording, duration, and attendance at Plaintiff's deposition. Confidential Exhibit A provides the clinical foundation for that showing. It documents Dr. Miller's methods, direct observations, validity findings, diagnostic analysis, functional assessment, and opinions to a reasonable degree of neuropsychological certainty, including impairments affecting Plaintiff's concentration and interpersonal functioning. Confidential Exhibit B applies those findings to the upcoming deposition. Based on the nature and severity of Plaintiff's ongoing symptoms, Dr. Miller strongly recommends that the deposition proceed by remote videoconference and opines that an in-person deposition would be clinically contraindicated, likely would exacerbate Plaintiff's symptoms, and could impair her ability to testify completely and relevantly. Without the exhibits, the Court would have only counsel's summary rather than the expert's complete clinical basis and deposition-specific opinion.

## B.    Sealing is Necessary to Prevent Concrete Privacy Harm

The exhibits contain highly private personal information. Confidential Exhibit A reveals Plaintiff's true identity and full date of birth; recounts sexual trauma and alleged retaliation in detail; compiles medical, family, social, educational, occupational, and detention history; reports psychological and neuropsychological test data; and states diagnoses, functional limitations, treatment recommendations, and prognosis. Confidential Exhibit B identifies Plaintiff by her true name and discloses Dr. Miller's clinical assessment of how the deposition procedure may affect Plaintiff's mental-health symptoms and ability to testify. Those disclosures cannot be undone once placed on the public docket. The public's interest in understanding the discovery ruling is preserved because the Protective-Order Motion, the governing rules, the requested relief, and the essential rationale remain public.

Plaintiff's psychological injuries are at issue in this litigation, but relevance and discoverability do not require unrestricted public disclosure of her underlying clinical information. The exhibits would remain highly sensitive even if they referred to Plaintiff only as "Jane Doe." Plaintiff's pseudonymous status therefore strengthens the justification for sealing, but it is not the sole basis for the requested relief.

The Middle District recently granted sealing of medical records containing complaints, evaluations, diagnoses, and treatment after finding that personal medical privacy outweighed the access interest and that redaction could not preserve the information needed for adjudication. *Piper v. Speedy Wheels Transp., LLC*, No. 6:24-cv-647-AGM-LHP, 2026 WL 450805, at *2 (M.D. Fla. Feb. 18, 2026). The justification

5

is stronger here because public filing would also disclose the true identity of a sexual-assault plaintiff whom the docket identifies only by pseudonym.

### C. Redaction, Pseudonymization, and Other Alternatives Are Unsatisfactory

Redacting only Plaintiff's name and birth date would not protect the detailed trauma narrative, mental-health history, test results, diagnoses, prognosis, and treatment recommendations in Confidential Exhibit A or the clinical assessment in Confidential Exhibit B. Redacting all sensitive medical content from Confidential Exhibit A would remove nearly the entire substance for which the evaluation is being filed and leave the Court without the context needed to evaluate good cause. Applying the same redactions to Confidential Exhibit B would remove nearly the entire one-page letter. Pseudonymization would likewise leave the medical details and clinical recommendations exposed. Plaintiff has selected the least restrictive workable alternative: the two exhibits under seal, paired with a public motion that summarizes only the limited findings necessary for judicial review.

### D. The Requested Duration Is Limited

Plaintiff requests that Confidential Exhibits A and B remain sealed until ninety days after this action is closed and all appeals are exhausted, unless the Court orders otherwise. This is the default expiration period established by Local Rule 1.11(e) and avoids an indefinite seal.

### E.   Retrieval Information and Interested-Nonparty Certification

No tangible item will be deposited with the Clerk; the exhibits will be filed electronically. If retrieval of a sealed tangible item becomes necessary, the authorized person is James C. Poindexter, Esq., Delegal & Poindexter, P.A., 424 East Monroe Street, Jacksonville, Florida 32202; james@delegal.net; (904) 633-5000.

Pursuant to Local Rule 1.11(b)(7), Plaintiff certifies that she does not know, and has no reason to know, of any nonparty with an interest in establishing or maintaining the seal. The privacy interests supporting the seal belong to Plaintiff, whose true identity and confidential medical and psychological information appear throughout the exhibits.

## III.   CONCLUSION

Plaintiff respectfully requests that the Court grant this motion and permit Confidential Exhibits A and B to remain under seal until ninety days after this action is closed and all appeals are exhausted, unless the Court orders otherwise.

Respectfully submitted,

Dated: August 10, 2026          /s/ Samuel Mukiibi

Mark W. Tanner, Esq.
Samuel Mukiibi, Esq.
FELDMAN SHEPHERD
WOHLGELERNTER TANNER
WEINSTOCK DODIG
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
Tel: (215) 567-8300
mtanner@feldmanshepherd.com
smukiibi@feldmanshepherd.com

James C. Poindexter, Esq.
Florida Bar No. 116039
DELEGAL & POINDEXTER, P.A.
424 East Monroe Street,
Jacksonville, FL 32202
Tel: (904) 633-5000
james@delegal.net

*Attorneys for Plaintiff*

8

## LOCAL RULE 3.01(g) CERTIFICATE

The undersigned certifies that, pursuant to Local Rule 3.01(g), counsel for Plaintiff conferred by email with counsel for Defendants on July 29, August 5, and August 6, 2026, in a good-faith effort to resolve the requested relief. Defendants do not oppose this motion.

/s/ Samuel Mukiibi
Samuel Mukiibi

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2026, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will send notification of the filing to all counsel of record. Confidential Exhibits A and B and a copy of the Notice of Electronic Filing were separately served on all counsel of record by email.

/s/ Samuel Mukiibi
Samuel Mukiibi

9