# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

|  |  |
|---|---|
| JANE DOE, a pseudonym, | |
| Plaintiff, | 3:23-cv-00609-CRK-LLL |
| v. | |
| BAKER COUNTY, ET AL., | |
| Defendants. | |

## INTRODUCTION

Before the court is Plaintiff Jane Doe's ("Plaintiff") Motion for Leave to File a Fourth Amended Complaint. <u>See</u> Mot. for Leave to File Fourth Amend. Compl., July 20, 2026, ECF No. 202 ("Mot. to Amend"). Plaintiff submitted the proposed Fourth Amended Complaint alongside the Motion to Amend. <u>See</u> Proposed Fourth Amend. Compl., July 20, 2026, ECF No. 202-1 ("FAC"); <u>see also</u> Redlined Proposed Fourth Amend. Compl., July 20, 2026, ECF No. 204. Defendants Baker County Corrections Management Corporation, Scotty Rhoden ("Sheriff Rhoden"), Undersheriff Randy Crews, Lieutenant James Messer, Deputy Kristopher Kirkland, Deputy Tyler Curry, and Deputy Wyatt Rhoden, (collectively, "Defendants") respond in opposition to the Motion to Amend, arguing that amending the operative complaint, <u>see</u> Third Amended Complaint, June 5, 2025, ECF No. 141 ("TAC"), to reassert Plaintiff's Section 1983 claims against Sheriff Rhoden based upon new evidence would be futile

3:23-cv-00609-CRK-LLL

and prejudicial to Defendants.[1]  Defs. Resp. Opp'n. Pl. Mot. for Leave to File Fourth Amend. Compl., Aug. 3, 2026, ECF No. 209 ("Def. Resp."); Third Amend. Compl., June 5, 2025, ECF No. 141.  Plaintiff filed a motion for leave to reply to Defendants' response to clarify the record and rebut cases cited by Defendants.  See ECF No. 210. For the following reasons, Plaintiff's motion for leave to amend the complaint is granted, and Plaintiff's motion for leave to file a reply is denied as moot.

## BACKGROUND

This matter arises from Plaintiff Jane Doe's ("Plaintiff") claims against Defendants for negligence, assault, battery, false imprisonment, intentional infliction of emotional distress, and sex trafficking during her detention at the Baker County Detention Center ("BCDC").  See TAC.  Plaintiff seeks economic and noneconomic damages, including compensation for pain and suffering, medical expenses, lost earnings, mental anguish, anxiety, humiliation and embarrassment, psychological and emotional pain, distress, injury, and loss of social pleasure and enjoyment.  See generally id.  On March 17, 2025, the court dismissed without prejudice Plaintiff's Section 1983 claim against Sheriff Rhoden, explaining that Plaintiff had not pleaded sufficient facts to show Sheriff Rhoden personally participated in the constitutional violations, that he had notice of the need to correct the alleged misconduct, or that he directed his subordinates or knew they would act unlawfully and did not intervene.

---

[1]  The parties represent that they have conferred, and Plaintiff has agreed to the dismissal of "Count I" of the TAC: a claim against Defendant Sheriff Rhoden based upon state-law negligence.  Mot. to Amend at 22.  Plaintiff seeks to amend the TAC to remove the negligence claim.  See Mot. to Amend.

**OPINION AND ORDER - 2**

**3:23-cv-00609-CRK-LLL**

<u>See</u> Order re Mot. to Dismiss at 24–31, Mar. 17, 2025, ECF No. 116 ("Dismissal"). The court also dismissed without prejudice Plaintiff's Section 1983 claim against Sheriff Rhoden in his official capacity, reasoning that Plaintiff had not pleaded sufficient facts to support the existence of a "policy, custom, or practice of inadequate training or supervision," or facts indicating Sheriff Rhoden had notice of a pattern of constitutional violations at BCDC. <u>See</u> <u>id.</u> at 29–31. Plaintiff now seeks leave to amend the TAC to dismiss the negligence claim against Sheriff Rhoden, and to reassert Section 1983 claims against Sheriff Rhoden in his individual and official capacities. <u>See generally</u> Mot. to Amend; FAC.

## DISCUSSION

Plaintiff seeks to reassert her Section 1983 claims against Sheriff Rhoden, supported by facts revealed in discovery that Plaintiff contends "demonstrate a pattern and practice of sexual abuse, sexual harassment, staff sexual misconduct, deficient supervision, deficient monitoring, ineffective investigation, ineffective discipline, and deficient/absent corrective action at BCDC," which sufficiently support her Section 1983 claims. Mot. to Amend at 2. Defendants contend that reasserting Plaintiff's Section 1983 claims against Sheriff Rhoden based upon new evidence would be futile and prejudicial to Defendants. Def. Resp. at 4. For the following reasons, Plaintiff has demonstrated good cause to extend the deadline to amend the complaint, and Defendants fail to demonstrate that amendment would be futile or prejudicial to Defendants. Therefore, Plaintiff's motion to amend is granted.

**OPINION AND ORDER - 3**

3:23-cv-00609-CRK-LLL

## I.    Timing

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading with the opposing party's written consent or with leave from the court, which the court should grant when required in the interest of justice. Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), leave to amend should be granted "freely" absent a substantial reason to deny amendment such as undue delay, bad faith, dilatory motive, undue prejudice, or futility. See Foman v. Davis, 371 U.S. 178, 182 (1962); see also Campbell v. Emory Clinic, 166 F.3d 1157, 1161–62 (11th Cir. 1999) (applying the Foman principle). Where the plaintiff files a motion to amend the complaint after the deadline for amendment as outlined in the scheduling order has passed, the party seeking to amend must show good cause. Fed. R. Civ. P. 16(b); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); see also Ford v. Marquesas Capital Partners, LLC, Case No. 8:22-cv-2658-SCB-SPF, 2023 WL 11693749 at *1 (M.D. Fla. 2023) (where a party files a motion for leave to amend a pleading after the deadline has passed, the party is "in effect seeking to modify that deadline" and must show good cause). To show good cause, the party seeking amendment must demonstrate diligence. See Auto-Owners Ins. Co. v. Ace Elec. Service, Inc., 648 F. Supp.2d 1371, 1375 (M.D. Fla. 2009). There are three factors to evaluate diligence; "(1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff, and (3) even after acquiring information, whether the plaintiff delayed in asking for amendment." See Sportswire

**OPINION AND ORDER - 4**

**3:23-cv-00609-CRK-LLL**

v. Sports Mall, LLC, Case No: 8:22-cv-1433-KKM-MRM, 2023 WL 11762580 at *1 (M.D. Fla. 2023) (citing Auto-Owners Ins. Co., 648 F. Supp. 2d at 1375).

Here, the deadline for motion to amend a pleading has passed. Case Mgmt. Report and Sched. Order, Apr. 2, 2025, ECF No. 126.[2] However, consistent with Rule 16, the court's most recent amended scheduling order indicates that "if promptly raised, the deadline for amending a pleading is subject to extension based on new discovery or other good cause." Amend. Case Mgmt. Report and Sched. Order at 2, July 2, 2026, ECF No. 197. Through discovery Plaintiff obtained Prison Rape Elimination Act ("PREA") reports from 2018 on June 17, 2026, and received the 2020 Statistical Report, which identifies PREA-related complaints from 2019 on July 10, 2026. Mot. to Amend at 8–9. This discovery, which Plaintiff could not have obtained prior to filing the original, second, or third amended complaint, provides the basis for the Section 1983 claims in the FAC. See generally FAC. Plaintiff moved to file the FAC on July 20, 2026. See Mot. to Amend. Thus, Plaintiff promptly filed its motion within several weeks of obtaining the discovery. See id. The information obtained in discovery is not information that Plaintiff could have been expected to have obtained earlier through other sources and therefore the receipt of this information constitutes good cause for the extension of the deadline for amendment of the complaint. See Sportswire, 2023 WL 11762580 at *1. Indeed, Plaintiff filed a motion to compel

---

[2] The schedule has been modified and extended several times since April 2, 2025, however, the deadline for motion to amend pleadings was not modified since the April 2, 2026 order. The deadline to amend pleadings was June 2, 2025. See Case Mgmt. Report and Sched. Order, Apr. 2, 2025, ECF No. 126.

**OPINION AND ORDER - 5**

3:23-cv-00609-CRK-LLL

production of the PREA reports, which the Baker County Sheriff's Office ("BCSO") creates and maintains, upon which the amendments are based, indicating the reports were not publicly available.  See Pl. Mot. to Strike Objections and Compel Prod. of Doc., July 7, 2026, ECF No. 198.  Further, Plaintiff received the PREA reports on July 10, 2026, reviewed the records, conferred with Defendants and filed the motion to amend just 10 days after receiving the final PREA reports, on July 20, 2026.  See generally Mot. to Amend.  Because Plaintiff could not have accessed the PREA reports before discovery, and did not delay in moving to amend, Plaintiff has shown good cause to amend.

## II.     Futility

"[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (affirming district court's denial of a motion to amend because the claims the party sought to add were insufficiently pleaded as a matter of law).  A claim for individual liability against a supervisor under Section 1983 would be futile unless a plaintiff pleads that (1) the supervisor personally participated in the alleged constitutional violation; or (2) there was a causal connection between the actions of the supervisor and the alleged violation.  Myers v. Bowman, 713 F.3d 1319, 1328 (11th Cir. 2013).  A plaintiff pleads causal connection by alleging facts that could support the inference of (1) a history of widespread abuse which puts the responsible supervisor on notice of the need to correct the deprivation of constitutional rights and the supervisor failed to do so; (2) the supervisor's custom or policy resulted in

**OPINION AND ORDER - 6**

3:23-cv-00609-CRK-LLL

"deliberate indifference to constitutional rights"; or (3) that the supervisor directed the subordinates to act unlawfully, or knew the subordinates would act unlawfully and failed to prevent or stop them from acting unlawfully. Keith v. DeKalb Cnty., Georgia, 749 F.3d 1034, 1048 (11th Cir. 2014). Widespread abuse under section 1983 is "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

A municipality or government entity may be liable under Section 1983 only where the constitutional injury can fairly be said to have been caused by that entity's own policies and customs. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978). Government liability for a constitutional violation, under Section 1983, "attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives." Pembaur v. Cincinnati, 475 U.S. 469, 483 (1986). Thus, a claim against a government entity under Section 1983 (a "Monell claim"), is futile unless the party alleges facts from which the inference could be made that (1) her constitutional rights were violated; (2) the municipality had a custom or policy which constituted deliberate indifference to the violated constitutional right; and (3) the policy or custom was the cause of the violation. Johnson v. Darnell, 781 F. App'x 961, 964 (11th Cir. 2019) (citing McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004)).

**OPINION AND ORDER - 7**

**3:23-cv-00609-CRK-LLL**

Here, Defendants have not shown that Plaintiff's Section 1983 claims against Sheriff Rhoden in his individual and official capacities would be futile. In the Fourth Amended Complaint, Plaintiff alleges based on discovery obtained in June and July 2026, that there were at least 59 sexual assault incidents reported at BCDC between 2014 and the date of Plaintiff's report, in 2019. Mot. to Amend at 18; FAC at ¶ ¶ 66, 67. Plaintiff also alleges that at least 17 of the reports of sexual assault involved staff. Mot. to Amend at 18; FAC at ¶ 69. Plaintiff further alleges that "through the Givens sexual abuse conviction,"[3] BCSO, and more specifically, Defendant Sheriff Rhoden, had notice that BCSO's "failure to monitor known blind spots, enforce staff and detainee location controls, preserve and review surveillance evidence, meaningfully investigate staff sexual misconduct, discipline offending personnel, and protect detainees who reported sexual abuse" needed to be corrected. FAC at ¶ ¶ 268, 269. Plaintiff now alleges factual details regarding at least three incidents in which a staff member was reported for sexual assault of an inmate. Id. at ¶ ¶ 76–83. Plaintiff also alleges that the surveillance footage from these incidents was unavailable due to "storage limitations" or "retention limits," and that BCSO closed some of the investigations as "unsubstantiated." Id. at ¶ ¶ 79, 82, 83.

---

[3] In 2014, BCSO Deputy Tarrece Darrell Givens was convicted of three counts of sexual abuse for sexual assault of a female detainee at BCDC. FAC at ¶ ¶ 48 – 49. Deputy Givens led the inmate he assaulted to an area of BCDC without security cameras. FAC at ¶ 50.

**OPINION AND ORDER - 8**

3:23-cv-00609-CRK-LLL

In alleging that Defendant Sheriff Rhoden was the chief custodian of BCDC, with "final policymaking authority over BCSO's operation, management, supervision, training, discipline, staffing, security, PREA compliance, investigation practices, camera monitoring, and the Guardian [Radio Frequency Identification ("RFID")] system at BCDC,"[4] Plaintiff's claims allege that Sheriff Rhoden not only had notice of the 59 sexual assault allegations but also had the authority to correct deficiencies in policy to prevent the violations from continuing. FAC at ¶ ¶ 4, 249, 251, 254. At the pleading stage, the court accepts all allegations in Plaintiff's complaint as true,[5] and relevant to Plaintiff's claim is the fact that 59 reports were made. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Defendants argue that the incidents Plaintiff cites in the FAC are mostly "unsubstantiated or unfounded,"[6] and therefore, the reports cannot indicate a pattern of widespread abuse. Def. Resp. at 6. Even without accepting the truth of underlying allegations, the complaint sufficiently alleges Sheriff Rhoden was put on notice of 59 sexual assault allegations,

---

[4] The Guardian RFID system, as alleged by Plaintiff, "monitor[s] various security functions within the facility, including documenting and tracking the location of detainees and BCSO staff." FAC at ¶ 58.

[5] Plaintiff, in the FAC, states that many of the reports, including the three that are detailed in the complaint, were marked as unfounded or unsubstantiated. FAC at ¶ 71 ("of the 59 PREA reports or incidents, only six were substantiated.").

[6] The PREA regulations set the definition "unsubstantiated." See 28 C.F.R. § 115.5. "Unsubstantiated allegation means an allegation that was investigated and the investigation produced insufficient evidence to make a final determination as to whether or not the event occurred." Id. Thus, the fact that the reports were marked "unsubstantiated" does not necessarily mean the report was false. Rather, it indicates that the investigation did not reveal sufficient evidence to make a determination. See, e.g., Lucas v. Chalk, 785 F.App'x 288, 289 n. 1 (6th Cir. 2019) (an unsubstantiated report is not a determination that the report was false).

OPINION AND ORDER - 9

**3:23-cv-00609-CRK-LLL**

including those detailed in the complaint.  See FAC at ¶ ¶ 66, 67.  Moreover, Plaintiff alleges there were institutional failures in monitoring and tracking that could have resulted in lack of evidence to substantiate a report.  See id. at ¶ ¶ 171, 265. Therefore, the failure of the investigations to substantiate or refute sexual assault allegations put Sheriff Rhoden on notice of deficiencies in the monitoring systems. See id. at ¶ ¶ 87–89.  Such notice supports the inference of a "deliberate indifference" to the plaintiff's constitutional rights.  Id. at ¶ 270.  Plaintiff contends that Sheriff Rhoden demonstrated "deliberate indifference" to the violations.  Id. at ¶ 124, 263. That BCSO marked the reports as unsubstantiated or unfounded does not undercut Plaintiff's allegations that reports were made to Sheriff Rhoden which should have made him aware of a pattern of widespread abuse.  See, e.g., Hanson v. Florida Department of Corrections, Case No. 5:25-cv-KKM-PRL, 2025 WL 2531484 at *5–6 (M.D. Fla.) (accepting allegations of PREA reports that Defendants argued were "unsupported by credible evidence" on a motion to dismiss because even if the reports are unsubstantiated or unfounded, Plaintiff alleges that the reports were insufficiently investigated, and the fact that they were marked unfounded or unsubstantiated "do[es] not render implausible [Plaintiff's] allegations of a history of widespread abuse.")

Likewise, there is no indication that Plaintiff's claims against Defendant Sheriff Rhoden in his official capacity would be futile.  In the previous dismissal, the court held that Plaintiff did not plead sufficient facts to show that BCSO had a policy of inadequate training and supervision.  See Dismissal at 29.  In the prior complaint,

**OPINION AND ORDER - 10**

3:23-cv-00609-CRK-LLL

Plaintiff alleged that BCSO had a "de facto policy to inadequately supervise . . . their Sheriff's deputies," but did not provide factual allegations supporting the claim. See id. at 30 n.22 (citing SAC at ¶ 347). Now, the Fourth Amended Complaint supplies the factual allegations necessary to allege that the BCSO, under Sheriff Rhoden's supervision, had a policy or custom of deliberate indifference to sexual abuse. See FAC at ¶ ¶ 66–90, 265–272. The detailed allegations of reported sexual assault incidents, the fact that the reports were often marked as "unsubstantiated," as well as the evidence that Sheriff Rhoden was on notice of failures in security and tracking systems and yet failed to correct the failures, provide factual support for the claim that Sheriff Rhoden exhibited deliberate indifference to sexual abuse within the detention center, and that the indifference allowed Plaintiff's sexual assault to take place. See id. at ¶ ¶ 265–276. Plaintiff has provided sufficient factual allegations for the Section 1983 claim against Sheriff Rhoden in his official capacity, and the Defendants fail to show the amendment would be futile.

### III.    Prejudice

Defendants argue that the amendment would unduly prejudice Defendants because it will leave Sheriff Rhoden with "less than a month to discover[] facts relating to the defense of any newly asserted claims." Def. Resp. at 16–17. Plaintiff argues that the added claims will not prejudice Defendants because the proposed Section 1983 claims concern the same facility, staff, Sheriff, PREA reporting, camera and monitoring features, alleged sexual assault and retaliation that are "already at issue." Mot. to Amend at 10. Despite Defendants' contention that the factual items

**OPINION AND ORDER - 11**

**3:23-cv-00609-CRK-LLL**

are not "at issue" because the negligence claim is being dismissed, the negligence claim has been pending.[7] See Def. Resp. at 16. Discovery relating to the negligence claim against Defendant Sheriff Rhoden has been ongoing and concerns the same underlying facts and similar theory of liability as the proposed Section 1983 claims, and thus, the Defendants would not be unduly prejudiced by the amended claims. Moreover, if further discovery is warranted because of the amendment to avoid prejudice, the parties may move to extend discovery. See Fed. R. Civ. P. 16(b)(4).

## CONCLUSION

Plaintiff has established good cause to amend the complaint, and Defendants have not shown that the claims against Defendant Sheriff Rhoden for Section 1983 liability in his individual and official capacity would be futile, result in undue delay or undue prejudice. Accordingly, it is

**ORDERED** that Plaintiff's motion to amend the complaint is GRANTED; and it is further

**ORDERED** that the fourth amended complaint, see ECF No. 202-1 is deemed filed as of today; and it is further

---

[7] Defendants contend that the negligence claim "should never have been asserted." Def. Resp. at 3 n. 3. Regardless, the negligence claim was asserted, has not yet been dismissed, and the scope of discovery was defined, in part, by the negligence claim.

**OPINION AND ORDER - 12**

**3:23-cv-00609-CRK-LLL**

**ORDERED** that Plaintiff's motion for leave to file a reply, ECF No. 210, is

DENIED as moot.


/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated:        August 10, 2026
              New York, New York

---

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**OPINION AND ORDER - 13**