**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF FLORIDA**

**JACKSONVILLE DIVISION**

| | |
|---|---|
| **JANE DOE, a pseudonym,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BAKER COUNTY CORRECTIONS MANAGEMENT CORPORATION, SCOTTY RHODEN, SHERIFF, RANDY CREWS, UNDERSHERIFF, JAMES MESSER, LIEUTENANT, PEYTON PRESCOTT, DEPUTY SHERIFF, BRIAN LOUIS ROBINSON, TYLER M. CURRY, DEPUTY SHERIFF, KRISTOPHER KIRKLAND, DEPUTY SHERIFF, WYATT RHODEN, DEPUTY SHERIFF,**<br><br>**Defendants.** | **3:23-cv-00609-CRK-LLL** |

## INTRODUCTION

Before the court is Defendants James Messer's and Kristopher Kirkland's ("Defendants") Motion to Compel Plaintiff's responses to first set of interrogatories, August 14, 2026, ECF No. 217 ("Def. Mot."). Plaintiff Jane Doe ("Plaintiff") filed a Limited Response to Defendants Messer and Kirkland's Motion to Compel, August 17, 2026, ECF No. 218. ("Pl. Resp."). For the following reasons, Defendants' Motion to Compel is granted in part, and denied in part.

## BACKGROUND

This matter arises from Plaintiff's claims against Defendants Baker County Corrections Management Corporation ("BCCMC"), Sheriff Scotty Rhoden, under Section 1983 in his individual and official capacity, Undersheriff Randy Crews, Lieutenant James Messer, Deputy Kristopher Kirkland, Deputy Tyler Curry and Deputy Wyatt Rhoden, for assault, battery, false imprisonment, intentional infliction of emotional distress, and sex trafficking during her detention at Baker County Detention Center ("BCDC"). See Fourth Amended Complaint, July 20, 2026, ECF No. 202-1 ("FAC"). Plaintiff seeks economic and noneconomic damages, including compensation for pain and suffering, medical expenses, lost earnings, mental anguish, anxiety, humiliation and embarrassment, psychological and emotional pain, distress, injury and loss of social pleasure and enjoyment. See generally FAC.

Defendants each served their First Set of Interrogatories on Plaintiff on September 23, 2025. See Def. Mot., Ex. 1 and 2. On October 28, 2025, Defendants notified Plaintiff via email that interrogatory responses were due, and Plaintiff had not responded or requested an extension. See Def. Mot., Ex. 3, at 19. Plaintiff informed Defendants she would serve responses by Friday, November 14, 2025. See Def. Mot. Ex. 3, at 18. On November 14, 2025, Plaintiff's Counsel emailed Defendants stating the responses are prepared but that Plaintiff was sick and not able to "review them or sign the verification," and requested a one-week extension. See Def. Mot. Ex. 3, at 7. On November 28, 2025, Plaintiff's Counsel emailed Defendants stating Plaintiff needed another week, but on December 9, 2025, Plaintiff's Counsel emailed

Defendants explaining that the interrogatory responses were "complete and with [Plaintiff] for signature" but due to her health she was having difficulty signing and needed time. See Def. Mot., Ex. 3 at 1.

Between July 23, 2026, and August 5, 2026, Defendants emailed Plaintiff's Counsel three times regarding Plaintiff's failure to send responses, to which Plaintiff never responded. See Def. Mot. Ex. 4, at 3–5. Between August 13, 2026, and August 14, 2026, Defendants emailed Plaintiff three times regarding a motion to compel Plaintiff's responses to the interrogatories, to which Plaintiff also never replied. See Def. Mot. Ex. 4, at 1–3.

## DISCUSSION

Defendant's motion asks the court to (1) compel production of the responses and (2) pay the movant's reasonable expenses in making the motion, including attorneys' fees. See Def. Mot. at 5. Plaintiff responded, requesting the court treat the motion as unopposed, but deny the motion for attorney's fees. Pl. Resp. at 2–3. Defendant's motion is granted in part and denied in part.

The court has broad discretion over the management of discovery, though parties are encouraged to resolve discovery disputes without the intervention of the court. Perez v. Miami-Dade Cnty., 297 F.3d 1255, 1263 (11th Cir. 2002); Desai v. Tire Kingdom, Inc., 944 F. Supp. 876, 878 (M.D. Fla. 1996). Where a party fails to serve answers to an interrogatory or comply with a court's discovery order it is within the court's discretion to impose sanctions including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 37(d)(3). The court may also order a "disobedient party" to pay reasonable expenses including attorney's fees caused by the failure to comply. Fed. R. Civ. P. 37(b)(2)(C). Where a party fails to respond to an interrogatory properly served, the court must require the party failing to respond to pay reasonable expenses and attorney's fees unless the failure to respond was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Here, Plaintiff's Counsel concedes it must comply with the Motion to Compel and does not oppose a firm deadline. At this time given the circumstances, including Plaintiff's health challenges, the court will not require Plaintiff to pay expenses or attorney's fees, nor will the court issue sanctions. However, should Plaintiff fail to respond on the date ordered below, the court will entertain a motion for attorney's fees or sanctions such as prohibiting Plaintiff from supporting or opposing claims, or introducing designated matters in evidence, striking pleadings, or dismissing the action or proceeding in whole or in part. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 37(d)(3).

## CONCLUSION

In accordance with the foregoing, it is

**ORDERED** that the Defendants' motion is granted in part and denied in part; and it is further

**ORDERED** that Plaintiff shall file answers to Defendants' first set of interrogatories on or before Thursday, August 20, 2026; and it is further

**ORDERED** that the Parties shall file a joint report on the status of discovery on or before Friday, August 21, 2026.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated: August 18, 2026
New York, New York

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.