**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **JANE DOE, a pseudonym,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BAKER COUNTY CORRECTIONS MANAGEMENT CORPORATION, SCOTTY RHODEN, SHERIFF, RANDY CREWS, UNDERSHERIFF, JAMES MESSER, LIEUTENANT, PEYTON PRESCOTT, DEPUTY SHERIFF, BRIAN LOUIS ROBINSON, TYLER M. CURRY, DEPUTY SHERIFF, KRISTOPHER KIRKLAND, DEPUTY SHERIFF, WYATT RHODEN, DEPUTY SHERIFF,**<br><br>**Defendants.** | **3:23-cv-00609-CRK-LLL** |

## INTRODUCTION

Before the court is Defendant Sheriff Scotty Rhoden's ("Defendant Rhoden" or "Sheriff Rhoden") Motion for Reconsideration of Order Denying Motion for Protective Order, August 7, 2026, ECF No. 211 ("Def. Mot."). Plaintiff Jane Doe ("Plaintiff") responds in opposition to the Motion for Reconsideration. See Pl.'s Resp. in Opposition to Def. Sheriff Rhoden's Mot. for Reconsideration, August 21, 2026, ECF No. 227 ("Pl.'s Resp."). For the following reasons, Defendant Rhoden's Motion for Reconsideration is denied.

## BACKGROUND

This matter arises from Plaintiff's claims against Defendants Baker County Corrections Management Corporation ("BCCMC"), Sheriff Rhoden, Undersheriff Randy Crews, Lieutenant James Messer, Deputy Kristopher Kirkland, Deputy Tyler Curry, and Deputy Wyatt Rhoden, (collectively, "Defendants"), for assault, battery, false imprisonment, intentional infliction of emotional distress, sex trafficking and violation of civil rights under 42 U.S.C. § 1983, during her detention at Baker County Detention Center ("BCDC"). See Fourth Amended Complaint, July 20, 2026, ECF No. 202-1, ("FAC"). Plaintiff seeks economic and noneconomic damages, including compensation for pain and suffering, medical expenses, lost earnings, mental anguish, anxiety, humiliation and embarrassment, psychological and emotional pain, distress, injury and loss of social pleasure and enjoyment. See generally FAC. Plaintiff's Fourth Amended Complaint, which Plaintiff moved to amend before the present motion, and is the operative complaint as of August 10, 2026, includes a Section 1983 claim against Sheriff Rhoden in his individual and official capacity. See Order Granting Pl. Mot. to Amend Compl., Aug. 10, 2026, ECF No. 216; FAC at ¶ ¶ 249–264.

Defendant Rhoden is the Sheriff of Baker County Sheriff's Office ("BCSO") and the chief law enforcement official in Baker County. See Fourth Amended Complaint at ¶ 4, July 20, 2026, ECF No. 202-1, ("FAC"). Defendant Rhoden has authority over the operation, management, training and investigation practices of BCDC. FAC at ¶ 4. Additionally, Defendant Rhoden is responsible for hiring, training and supervising deputies. FAC at ¶ 157.

On July 8, 2026, Defendant Rhoden filed a Motion for Protective Order from Deposition. See Defendant Sheriff Rhoden's Motion for Protective Order from Deposition, July 8, 2026, ECF No. 199 ("Mot. for Protective Order"). Defendant argued that the Apex Doctrine protected him, as a high-level official, from being deposed, absent a showing of "unique or special knowledge of the events in question" and that the "party seeking the deposition is unable to obtain the information using less obtrusive means." Mot. for Protective Order at 4. Further, Defendant contended that any knowledge he has does not make any fact of consequence more or less probable and therefore, his deposition is not proportional to the needs of the case. See Mot. for Protective Order at 6.

The court denied Defendant Rhoden's Motion for Protective Order because he failed to establish that his deposition would be "irrelevant, disproportionate, duplicative or unduly burdensome." Order Denying Defendant Rhoden's Motion for Protective Order at 10, July 27, 2026, ECF No. 208 ("Order Denying Def. Mot."). The court explained that the facts and Defendant's information "provide[d] a nonspeculative basis to conclude that Sheriff Rhoden possesse[d] first-hand knowledge of the relevant events." Order Denying Def. Mot. at 7–8.

In the present motion, Defendant Rhoden claims that Plaintiff can obtain the information she is seeking through "less intrusive means," that Defendant Rhoden's deposition is "not proportional to the needs of the case," and that the deposition would amount to "annoyance, at the very least, and an undue burden on the Sheriff." Def. Mot. at 11, 12. Plaintiff responds that Sheriff Rhoden fails to provide an adequate

reason for the court to reconsider its decision because he identifies no intervening change in controlling law, no newly discovered evidence, nor any clear error or manifest injustice. See Pl.'s Resp. at 4.

## DISCUSSION

Federal Rule of Civil Procedure 54(b) governs a district court's reconsideration of a non-final order. Fed. R. Civ. P. 54(b); see Hornady v. Outokumpu Stainless USA, LLC, 118 F.4th 1367, 1379 (11th Cir. 2024). District courts retain full control to reconsider a non-final order. See Hornady, 118 F.4th at 1379–1380. A motion for reconsideration is extraordinary and should be "employed sparingly." Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) (citing Colomar v. Mercy Hospital, Inc., 242 F.R.D. 671, 684 (S.D. Fla. 2007)). Motions for reconsideration will be granted only where the movant shows "newly discovered evidence, clear error, manifest injustice, or an intervening change in controlling law." Compagnoni v. U.S., No. 94-0813-CIV-MARCUS, 1997 WL 416482 at *1 (S.D. Fla. 1997). To show clear error or manifest injustice, the movant must show the court patently misunderstood a party. See Compagnoni v. U.S., No. 94-0813-CIV-MARCUS, 1997 WL 416482 at *2 (S.D. Fla. 1997). A motion for reconsideration should not be used to "reiterate arguments previously made." Compagnoni, 1997 WL 416482 at *2. A movant who tries to "improve upon his arguments," raise new arguments or "vent his dissatisfaction with the Court's reasoning" fails to establish clear error or manifest injustice. McCoy v. Macon Water Authority, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

Here, Sheriff Rhoden's request that the court reconsider its decision fails to demonstrate that the court patently misunderstood his motion for protective order. In its decision, the court relied on specific allegations in the complaint as well as statements made by Sheriff Rhoden tending to show that he had personal knowledge of relevant events.

> Plaintiff alleges Sheriff Rhoden directed BCSO to investigate Robinson, referred the matter to the Department of Homeland Security's Office of the Inspector General, and placed Robinson on administrative leave. Compl. at ¶¶ 135–139.

Order Denying Def. Mot. at 9.

The Motion for Reconsideration argues "[t]here is simply no evidence that Sheriff Rhoden himself personally initiated or participated in the investigation." See Def. Mot. at 4. But as discussed in the court's order, Sheriff Rhoden's statements are evidence of personal, unique knowledge with respect to the entire matter:

> That situation [Robinson case] was handled in-house by ICE. There was nothing that was going to come back on us. No liability stance there, therefore it didn't need to be discussed. That was a decision I made. Nobody else ... me alone. And I'll make it again.

See Def. Mot. at 9; see also Order Denying Def. Mot. at 9. Defendant argues that the statement only "clarifies that Sheriff Rhoden was explaining the decision not to notify BCCMC about the incident was a decision he made, 'nobody else.' The Sheriff did not state that the manner in which the incident was managed was a decision he made and nobody else." Def. Mot. at 9. Defendant interprets the Sheriff's statements narrowly. See Def. Mot. at 9. However, the statement asserts "[t]here was nothing that was going to come back on us. No liability stance there, therefore it didn't need

to be discussed." Def. Mot. at 9. It is not unreasonable to interpret the statement more broadly than the Defendant, and to infer that Sherriff Rhoden had some unique knowledge to be able to assert that there was "no liability stance there, therefore it didn't need to be discussed." Thus, contrary to Defendant's argument, there is evidence from which one could infer that Sheriff Rhoden has unique, personal knowledge.[1] If he does not have that knowledge, he is free to say so when deposed. See Order Denying Def. Mot. at 9.

Despite Sheriff Rhoden noting that a court should only reconsider a motion for a protective order upon a showing of clear error, Sheriff Rhoden does not allege any "clear error" in the court's decision. See generally Def. Mot. 7–12. Sheriff Rhoden claims there is a "[n]eed to [c]orrect the Court's [f]indings" regarding his individual knowledge, and that the court should reexamine the proportionality inquiry, neither of which are grounds for reconsidering a motion. Def. Mot. at 7, 10. Further, Defendant Rhoden does not allege any new evidence or intervening change in controlling law that would provide the court with a basis for reconsideration. See Def. Mot. 7–12.

Finally, as an alternative, Sheriff Rhoden asks the Court for "a protective order limiting his deposition questioning solely to his statements made about this case at the BCCMC meeting." Def. Mot. at 5. As discussed in this court's prior order and

[1] Sheriff Rhoden acknowledges that the Plaintiff relies on allegations in a Third and proposed Fourth Amended Complaint. See Def. Mot. at 2. The Fourth amended complaint has now been filed and includes claims against Sheriff Rhoden in his individual and official capacity. See FAC at ¶ 49.

above, his statement – which he contends was meant to clarify why he decided not to notify the BCCMC of the incident – references "liability" for the matter more generally.

> That situation [Robinson case] was handled in-house by ICE. There was nothing that was going to come back on us. No liability stance there, therefore it didn't need to be discussed. That was a decision I made. Nobody else ... me alone. And I'll make it again.

See Def. Mot. at 9; see also Order Denying Def. Mot. at 9. Although Sheriff Rhoden disclaims any personal knowledge of the investigation of Robinson or placing Robinson on administrative leave, his statement presents a non-speculative basis to believe otherwise. See Order Denying Def. Mot. at 9.

Sheriff Rhoden fails to establish grounds for the court to reconsider his motion for a protective order because he simply reasserts his arguments from the original motion, does not point to any clear error, and does not present new evidence or intervening law. Sheriff Rhoden's motion for reconsideration amounts to "vent[ing] his dissatisfaction with the [c]ourt's reasoning," which fails to establish clear error. See McCoy, 996 F. Supp. 1223. Therefore, it is

**ORDERED** that the Defendant's Motion for Reconsideration is DENIED.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated: August 24, 2026
New York, New York

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.