**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **JANE DOE, a pseudonym,**<br>**Plaintiff,**<br>**v.**<br>**BAKER COUNTY, ET AL.,**<br>**Defendants.** | **3:23-cv-00609-CRK-LLL** |

**ORDER**

Before the court is Plaintiff's Unopposed Motion for Leave to Depose Defendant Brian L. Robinson, who is incarcerated. ECF No. 231. Plaintiff has conferred with Defendants Baker County Corrections Management Corporation, Scotty Rhoden, Randy Crews, James Messer, Peyton Prescott, Kristopher Kirkland, Tyler M. Curry and Wyatt Rhoden, who do not oppose the motion. ECF No. 231. However, Plaintiff states that counsel was unable to confer with Defendant Brian L. Robinson ("Defendant Robinson") because he has not appeared in this action, is not currently represented by counsel, and is incarcerated. See ECF No. 231.

Rule 3.01(g) requires a moving party confer in good faith with opposing parties before filing a motion. M.D. Fla. 3.01(g). "If the opposing party is unavailable before the motion's filing the movant must try diligently for three days to contact the opposing party." M.D. Fla. 3.01(g)(3). After contact or expiration of three days, the moving party must supplement the motion with a statement certifying its attempts

to contact the opposing party, and state whether the parties have resolved all or part of the motion. M.D. Fla. Rule 3.01(g)(3).

Here, Plaintiff has not attempted to confer with Defendant in good faith. Plaintiff indicates in the motion that Defendant Robinson was served before his incarceration with the summons, complaint and amended complaint. See ECF No. 231. However, Plaintiff notes counsel was "unable to confer" with Defendant Robinson regarding this motion but has not indicated there has been an attempt to communicate with Defendant Robinson. See ECF No. 231. The good faith conferral duty imposed by Rule 3.01(g) is not extinguished because of a party's incarceration. See, e.g., Hastings v. Eads, No. 2:17-cv-507-FtM-38CM, 2018 WL 3620731 at *2 (M.D. Fla. July 30, 2018) (requiring parties adhere to Rule 3.01(g)'s good faith requirement despite party's contention that it is "impractical and impossible" to communicate with opposing counsel due to his incarceration). It appears, based on representations within the motion, that Plaintiff is aware that Defendant Robinson is incarcerated by the Florida Department of Corrections at Mayo C.I. Annex, and intends to make contact with Defendant Robinson for the deposition. See ECF No. 231. Thus, it is unclear, since Plaintiff knows of Defendant Robinson's whereabouts and intends to depose him, why they are "unable" to communicate with him regarding any discovery matter. Pursuant to Local Rule 3.01(g), Plaintiff must make a diligent attempt, for three days, to contact Defendant Robinson at his place of incarceration regarding the motion to depose him and supplement the motion certifying Plaintiff's efforts and the outcome of such efforts. See M.D. Fla. Rule 3.01(g). It is therefore

**ORDERED** that Plaintiff must diligently attempt to contact Defendant Robinson at Mayo C.I. Annex for three days; and it is further

**ORDERED** that Plaintiff, after three days of diligent attempts, must supplement its Motion to Depose Defendant Robinson, ECF No. 231, with a certification informing the court of Plaintiff's efforts and whether, following those efforts, Defendant Robinson opposes the motion.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated: August 26, 2026
New York, New York

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.