**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **JANE DOE, a pseudonym,**<br>**Plaintiff,**<br><br>**v.**<br>**BAKER COUNTY, ET AL.,**<br>**Defendants.** | **3:23-cv-00609-CRK-LLL** |

**INTRODUCTION**

Before the court is Defendants' Time Sensitive Motion for Sanctions and Other Relief, August 26, 2026, ECF No. 234 ("Def. Mot."). Plaintiff Jane Doe ("Plaintiff") responds in opposition to Defendants' Motion for Sanctions. Plaintiff's Response in Opposition to Def. Mot. for Sanctions, September 8, 2026, ECF No. 253 ("Pl. Resp."). For the following reasons, Defendants' Motion for Sanctions is deferred pending supplemental briefing at the close of discovery.

**BACKGROUND**

This matter arises from Plaintiff's claims against Defendants Baker County Corrections Management Corporation ("BCCMC"), Sheriff Rhoden, Undersheriff Randy Crews, Lieutenant James Messer, Deputy Kristopher Kirkland, Deputy Tyler Curry, and Deputy Wyatt Rhoden, (collectively, "Defendants"), for assault, battery, false imprisonment, intentional infliction of emotional distress, sex trafficking and

violation of civil rights under 42 U.S.C. § 1983, during her detention at Baker County Detention Center ("BCDC"). See Fourth Amended Complaint, July 20, 2026, ECF No. 202-1, ("FAC"). Plaintiff seeks economic and noneconomic damages, including compensation for pain and suffering, medical expenses, lost earnings, mental anguish, anxiety, humiliation and embarrassment, psychological and emotional pain, distress, injury and loss of social pleasure and enjoyment. See generally FAC.

On March 10, 2026, Defendants moved for a Rule 35 Examination of Plaintiff and Extension of Time to Serve Expert Report. See Defendants' Motion for Rule 35 Examination, March 10, 2026, ECF No. 165. Plaintiff did not oppose the Rule 35 examination, but rather requested certain protective conditions be in place during the examination. See Plaintiff's Resp. to Def. Mot. for R. 35 Examination, March 24, 2026, ECF No. 168. The court granted Defendants' motion, ordering the examination to take place, and granted Plaintiff's requests that (1) the examination "take place at the office of James Poindexter in Jacksonville, Florida," (2) Plaintiff's counsel be present, but not in the room where the examination or interview occurs, and (3) the "clinical interview portion of the examination may be video recorded with technology that does not require the presence of a third party." See Order on Defendants' Mot. for R. 35 Examination, March 27, 2026, ECF No. 169 ("Order on R. 35 Exam").

On June 18, 2026, this court ordered the Rule 35 examination take place "within the last two weeks of July 2026, or during the month of August 2026, and in no event later than August 31, 2026. See Order Amending 189 Scheduling Order, June 8, 2026, ECF No. 195. On July 6, 2026, Defendants served a Notice of Rule 35

Examination, indicating that the examination would take place on Monday, August 24, 2026. See Def. Mot. Ex. 1, at 2. On August 20, 2026, at Plaintiff's counsel's request, Defendants served an Amended Notice of Rule 35 Examination, clarifying the specific tests to be administered. See Def. Mot. Ex. 2. On August 24, 2026, Defendants' counsel received notice from Plaintiff's counsel that Plaintiff was ill and could not attend the examination. See Def. Mot. at 3–4.

On August 26, 2026, Defendants moved for an order (1) compelling Plaintiff to "show cause for her cancellation of the examination on August 24, 2026," (2) "requiring Plaintiff to cover the $3,500 cost incurred due to the late cancellation with Dr. Rosenbaum," (3) "ordering Plaintiff's Rule 35 examination to take place on September 2, 2026," (4) requiring Defendants "mental health expert's report to be due twenty-one (21) days after the date of the examination," and (5) "awarding the reasonable fees incurred in the instant motion." See id. at 5. Plaintiff responds that an award of $3,500 and attorney's fees would be unjust given the circumstances. See Pl. Resp. at 6. Further, Plaintiff argues that a $3,000 bill and $500 travel costs are not justified because Defendants fails to establish that the expenses are reasonable. See id. at 9–10.

On August 27, 2026, the court held a joint status conference with the parties via telephone to determine whether parties had conferred under Local Rule 3.01(g) as to whether Plaintiff would be able to attend the Rule 35 exam on September 2, 2026. See generally Minute Entry Telephone Conference, August 27, 2026, ECF No. 237. At that time, Plaintiff's counsel had not conferred with Plaintiff regarding that

date and therefore could not commit to Plaintiff's attendance on September 2, but indicated he would attempt to obtain an answer from Plaintiff. Counsel also indicated that Plaintiff offered October 5, 2026, as an alternative date for the exam. The court reminded the parties of the potential penalties under the Federal Rules of Civil Procedure 37 should a party fail to comply with court orders regarding discovery. Plaintiff's counsel committed to conferring with Plaintiff regarding her availability for the Rule 35 examination on September 2, 2026. Defendants' counsel committed to identifying alternative dates for their expert to be available for the Rule 35 examination. As a result of the telephonic conference, the court ordered the parties to file a joint status report by August 31, 2026, identifying dates that Plaintiff and Defendants' expert are available for the Rule 35 examination. See Endorsed Order Following Telephonic Conference, August 27, 2026, ECF No. 236 ("Endorsed Order Aug. 27"). On August 31, 2026, the parties filed a joint status report informing the court that Plaintiff, and Defendants' expert, were both available on October 5, 2026, for Plaintiff's Rule 35 exam. See Status Report on Scheduling R. 35 Exam, August 31, 2026, ECF No. 238; see also Order on Plaintiff's Attendance to Rule 35 Examination, September 1, 2026, ECF No. 247 ("Order on Pl. R. 35 Exam Attendance") (ordering Plaintiff to appear on October 5, 2026, for her Rule 35 examination).

## DISCUSSION

Federal Rule of Civil Procedure 37 governs sanctions for failure to comply with discovery. See United States District Court Middle District of Florida Civil Discovery Handbook, Part I, Sect. E.3, Sanctions; Fed. R. Civ. P. 37. Federal Rule of Civil Procedure 37(b)(2)(A)–(C) provides sanctions for parties who fail to comply with a court order regarding discovery:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
> (B) For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A)–(C); see also Shortz v. City of Tuskegee, Ala., 352 Fed. App'x 355, 359 (11th Cir. 2009). Most relevant here, Rule 37 empowers a court to require a "disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The non-disclosing party bears the burden of establishing that a failure to comply with discovery was "substantially justified or harmless." Mitchell v. Ford Motor Co., 318 Fed. App'x 821, 824 (11th Cir. 2009) (citing Leathers v. Pfizer, Inc., 233 F.R.D. 687, 697 (N.D. Ga. 2006)).

A plaintiff who fails to "come forward with any showing that her failure to attend" an examination during discovery was "substantially justified" or of the "presence of any circumstances making an award of expenses unjust," may face an order to pay fees. Crawford v. Hyatt Corp., No. 3:09-cv-01271-J-32JBT, 2011 WL 672418 at *1 (M.D. Fla. Feb. 17, 2011) (awarding sanctions to the defendant where the plaintiff "failed to come forward with any showing that her failure to attend the subject examination was 'substantially justified'"); see also Johnson v. FedEx Ground Package System Inc., No. 5:19-CV-196-OC-30PRL, 2020 WL 2512803 at *2 (M.D. Fla. May 15, 2020) (finding a claim of illness largely unsubstantiated where a plaintiff had not "attached an affidavit or medical records to support that he was sick or how his sickness prevented him from complying with discovery in a case he initiated").

Plaintiff's reason for not attending the Rule 35 examination is not substantially justified. See Fed. R. Civ. P. 37 (b)(2)(C); see also Mitchell, 318 Fed.

App'x at 824. Defendants state, and Plaintiff does not dispute, that approximately thirty minutes before the scheduled start time of the IME on August 24, 2026, Plaintiff's counsel emailed Defendants' counsel, "We heard from our client this morning that she was up all night and is ill and cannot attend the IME today." Def. Mot. at 3–4. Plaintiff did not provide a doctor's note, prescription, or any evidence of illness. See Pl. Resp. at 8 ("Plaintiff acknowledges the late notice and absence of medical documentation"); see also Johnson v. FedEx, 2020 WL 2512803 at *2. Because Plaintiff did not provide any documentation or other evidence in support of her claim that she could not attend the IME due to an illness, Plaintiff's failure to participate is not substantially justified.

Even though Plaintiff fails to demonstrate substantial justification for missing the examination, the court has broad discretion to determine whether sanctions would be just. See Fed. R. Civ. P. 37(b)(2)(C); Johnson v. Bd. of Regents of Univ. of Georgia, 263 F.3d 1234, 1269 (11th Cir. 2001). In its discretion, a court may look at whether there is a pattern of uncooperative behavior. See U.S. v. Samaniego, 345 F.3d 1280, 1284 (11th Cir. 2003) (noting that district courts have discretion to impose sanctions for "a pattern of delay or a deliberate refusal to comply with court orders" and affirming the district court's denial of sanctions under FRCP 16(f)); see also e.g., Githieya v. Global Tel*Link Corp., 608 F. Supp. 3d 1290, 1326 (N.D. Ga. 2020) (looking at "the totality and pattern of behavior by Defendant" during discovery in evaluating whether to impose sanctions).

Here, the court, in exercising its discretion, concludes that it would be premature to consider the totality of the circumstances to assess whether the imposition of sanctions against Plaintiff would be just. See Rehab Dep't, LLC v. ARK Post Acute Networks, LLC, No. 23-CV-2554-SDM-LSG, 2025 WL 1795944 at *2 (M.D. Fla. June 30, 2025) (quoting Consumer Fin. Prot. Bureau v. Brown, 69 F.4th 1321, 1329 (11th Cir. 2023) (the imposition of sanctions "is heavily dependent on the court's firsthand knowledge, experience, and observation.")). The parties have been reminded of the obligation to comply with discovery orders and the potential consequences. See Endorsed Order Aug. 27; Order on Pl. R. 35 Exam Attendance. Given the amount of discovery left, the court defers ruling on Defendants' Motion for sanctions and fees at this time.[1] After the rescheduled Rule 35 examination, Plaintiff's deposition, and the close of discovery, the court will permit supplemental briefing regarding whether there has been a pattern of uncooperative behavior, and what sanctions (i.e., reasonable expenses, including attorney's fees)[2] would be just, in

[1] To be clear, the court may issue sanctions for failure to comply with the court's discovery order, including dismissal of the entire action. See Fed. R. Civ. P. 37(b)(2)(A)–(C); see also Haji v. NCR Corp., 834 Fed. App'x 562, 564 (11th Cir. 2020) (affirming district court's dismissal of Plaintiff's case after he was given "multiple opportunities to comply with all discovery orders" but continuously "failed to comply adequately"); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

[2] Fed. R. Civ. P. 37(b)(2)(C) allows the court to order either the non-compliant litigant, advising attorney, or both, to pay "reasonable expenses, including attorney's fees." Fed. R. Civ. P. 37(b)(2)(C). Defendants motion did not make any distinction as to who should be responsible for the $3,500 and other fees. Plaintiff's counsel argued that he should not be personally responsible for sanctions due to Plaintiff missing her

light of the totality of the circumstances, including Plaintiff's financial situation, and the reasonableness of the costs sought by Defendants.[3]

Therefore, the court takes under advisement Defendants' Motion for Sanctions and defers ruling on whether it is granted and how much should be awarded, pending the close of discovery on December 18, 2026, and it is

**ORDERED** that Defendants' Motion for Sanctions is deferred until after both the close of discovery and the filing of supplemental briefing; and it is further

---

Rule 35 examination because he did not "acquiesce[] in misconduct." See Pl. Resp. at 12–13. The issue as to allocation of sanctions and fees is also deferred in accordance with this Order.

[3] Plaintiff argues that an "assessment of $3,500 plus attorney's fees" would be unjust because of her indigency. See Pl. Resp. at 6. Plaintiff's response continuously refers to Plaintiff as indigent. See id. at 2 ("Defendants seek…fees from an indigent Plaintiff"); id. at 3 ("Her indigence…support[s] finding the requested financial assessment unjust"); id. at 6 ("Counsel represents that Plaintiff is indigent"). As a preliminary matter, indigency alone is insufficient to preclude sanctions and fees. See LaFavors v. Thayer, 706 Fed. App'x 489, 491 (11th Cir. 2017) (explaining that an indigent litigant is "subject to sanctions"). Plaintiff's response asserts that she "has been unable to return to work" and her inability, along with the "circumstances this [c]ourt has already recognized, supports finding that an assessment of $3,500 plus attorney's fees would be unjust." Pl. Resp. at 6. Plaintiff relies on the court's prior awards of protective conditions for her Rule 35 exam and her deposition. See Order on R. 35 Exam; Order on Pl. Mot. for Protective Order, August 24, 2026, ECF No. 229. The court's two prior grants of protective conditions are not evidence of Plaintiff's indigency and do not support finding that an award of fees would be unjust.

Defendants, for their part, have not provided a sufficient explanation for awarding the Defendant's medical expert $3,500. Although the examination did not occur on August 26, 2026, it is rescheduled for October 5, 2026. See Order on Pl. R. 35 Exam Attendance. Defendants have offered little explanation for the amount of reimbursement they seek or why that amount is reasonable. It is unclear whether any portion of this fee will be credited to the examination that is scheduled for October 5, 2026. See id.

**ORDERED** that parties shall file supplemental briefs, not to exceed 10 pages, regarding whether sanctions, including attorney's fees, would be just within seven days after the close of discovery.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated: September 25, 2026
New York, New York

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.