**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **JANE DOE, a pseudonym,**<br>**Plaintiff,**<br><br>**v.**<br>**BAKER COUNTY, ET AL.,**<br>**Defendants.** | **3:23-cv-00609-CRK-LLL** |

## INTRODUCTION

Before the court is Defendants' Baker County Corrections Management Corporation, Scotty Rhoden ("Sheriff Rhoden"), Undersheriff Randy Crews, Lieutenant James Messer, Deputy Kristopher Kirkland, Deputy Tyler Curry, and Deputy Wyatt Rhoden (collectively, "Defendants") Motion for Additional Time for Plaintiff's Deposition. See Mot. for Additional Time for Plaintiff's Deposition, August 26, 2026, ECF No. 232 ("Mot. for Additional Time"). Plaintiff Jane Doe ("Plaintiff") responds in opposition to the Motion for Additional Time for Plaintiff's Deposition. See Pl. Resp. in Opp. to Def. Mot. for Additional Time for Plaintiff's Deposition, September 9, 2026, ECF No. 255 ("Pl. Resp."). For the following reasons, Defendants' Motion for Additional Time is denied.

## BACKGROUND

This matter arises from Plaintiff's claims against Defendants for assault, battery, false imprisonment, intentional infliction of emotional distress, sex trafficking, and violation of civil rights under 42 U.S.C. § 1983, during her detention at Baker County Detention Center. See Fourth Amended Complaint, July 20, 2026, ECF No. 202-1 ("FAC"). Plaintiff seeks economic and noneconomic damages, including compensation for pain and suffering, medical expenses, lost earnings, mental anguish, anxiety, humiliation and embarrassment, psychological and emotional pain, distress, injury, and loss of social pleasure and enjoyment. See generally FAC.

Plaintiff's remote deposition is to be scheduled for a mutually agreed time by the parties following Plaintiff's Rule 35 examination scheduled for October 5, 2026. See Pl. Resp. at 4 n.1. Defendants request an additional five hours to examine Plaintiff, totaling twelve hours of deposition time. See Mot. for Additional Time at 1. Defendants argue an additional five hours is necessary to account for discovery which has "yielded thousands of documents," the number of defendants and claims asserted, and delays in discovery. See id. at 2–10. Plaintiff argues Defendants "cannot show that seven efficiently used hours will leave a material subject uncovered" and their request "is a five-hour advance on a need that may never arise."[1] See Pl. Resp. at 7.

[1] Plaintiff also argues the court previously "ordered seven" hours of deposition time and "did not merely reject six hours" when the court denied Plaintiff's prior request to limit the length of the deposition. See Pl. Resp. at 6. This argument is without merit. The court ruled on Plaintiff's motion to shorten the maximum time allowed by

For the reasons that follow, Defendants' motion is denied; the deposition is limited to seven hours consistent with Federal Rule of Civil Procedure 30(d)(1).

## DISCUSSION

Rule 30(d)(1) provides a deposition is limited to one day of seven hours "unless otherwise stipulated or ordered by the court." Fed. R. Civ. P. 30(d)(1). Rule 30(d)(1) permits additional time for a deposition if necessary to conduct a fair examination or if any circumstance "impedes or delays" the deposition consistent with Rule 26(b)(1) and (2). Fed. R. Civ. P. 30(d)(1). The moving party must establish good cause to receive additional time. See C.H. by Hilligloss v. Sch. Bd. of Okaloosa Cnty., Fla., No. 3:18cv2128-MCR-HTC, 2021 WL 8918070, at *2 (N.D. Fla. July 19, 2021) (citing Fed. R. Civ. P. 30 Advisory Committee Note to 2000 Amendment). The court's good cause determination is fact specific and should ensure the "just, speedy, and inexpensive determination" of the matter. Whetstone Indus., Inc. v. Yowie Grp., Ltd., No. 3:17-cv-1286-J-20PDB, 2019 WL 5102817, at *2 (M.D. Fla. Oct. 11, 2019) (quoting Fed. R. Civ. P. 1); C.H. by Hilligloss, 2021 WL 8918070 at *2 (quoting Margel v. E.

---

Rule 30(d)(1). Although Defendants' response to that motion alluded to Defendants' desire to enlarge the time allowed, Defendants had not moved for or briefed a motion for an enlargement of time. See Def. Resp. in Opp. to Pl. Mot. for Protective Order, August 26, 2026, ECF No. 225 at 12 n.2. The only issues before the court at that time were whether there was a basis to limit the time to depose the Plaintiff to six hours rather than seven hours and to conduct the deposition by videoconference without audiovisual recording or the Defendants observing the deposition. See Confidential Order Granting Pl. Mot. for Protective Conditions, August 24, 2026, ECF No. 229 ("Protective Order") at 2. Plaintiff's quotation of the court's Order stating that must be read in the context of the motion before the court at that time.

G.L. Gem Lab Ltd., No. 04 Civ. 1514(PAC)(HBP), 2008 WL 2224288, at *8 (S.D.N.Y May 29, 2008)).

Rule 26(b)(2)(C) prevents further discovery if: (1) "the discovery sought is unreasonably cumulative" or can be obtained from a less burdensome source, (2) the party seeking discovery had sufficient opportunity to obtain the information, or (3) the discovery is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). Accordingly, the court will balance Defendants' interest in conducting a fair examination with Plaintiff's interest in not being unreasonably burdened with an extended examination. See Talarczyk v. John Crane, Inc., No. 8:22-cv-836-MSS-MRM, 2022 WL 22996547, at *2 (M.D. Fla. Aug. 11, 2022).

To determine whether a party has established good cause in balancing the parties' interests, courts consider the complexity of the case including the nature of the underlying claims and number of documents produced. See Kleppinger v. Texas Dept. of Transp., 283 F.R.D. 330, 334–36 (S.D. Tex. 2012); Sabol-Krutz v. Quad Elec., Inc., No. 2:15-cv-13328, 2016 WL 6277083, at *2 (E.D. Mich. Oct. 27, 2016). The existence of more than one counsel is also a factor in determining whether additional time is necessary but is not dispositive. See C.H. by Hilligloss, 2021 WL 8918070 at *3–4. Additionally, any delays caused by the examinee's non-responsiveness during discovery resulting in longer depositions may also be considered. See Miller v. Waseca Med. Ctr., 205 F.R.D. 537, 541–42 (D. Minn. 2002).

Here, Defendants have not demonstrated good cause requiring an additional five hours to examine Plaintiff based on the complexity of the case. Defendants assert

additional time is necessary due to the complexity of Plaintiff's claims as opposed to "a slip and fall action." See Mot. for Additional Time at 9. The comparison to a slip and fall case is not helpful. A slip and fall case could be complex. It depends on the facts of the case. Defendants also state there are nine individuals and two entities named as defendants and thirty claims, but they do not explain why the deposition will be complex and therefore require more than seven hours.[2] See id. at 3. It is Defendants' burden to demonstrate that here Plaintiff's claims will involve complex examinations. See e.g., Pace v. City of Palmetto, No. 8:05-CV-1221-T-27EAJ, 2007 WL 470477, at *1 (M.D. Fla. Feb. 13, 2007) (distinguishing a Section 1983 case from Dunkin' Donuts Incorporated v. Mary's Donuts, Inc., 206 F.R.D. 518, 522 (S.D. Fla. 2022) involving examination of corporate representatives and almost a decade of financial records).[3]

Cases cited by the parties granting additional deposition time based on the complexity of the underlying claims and number of documents suggest that the need for additional time is speculative until the initial deposition takes place. See e.g.,

[2] Defendants allege that more time is needed because of the widespread allegations, number of claims, number of represented Defendants and discovery documents, and nature of Plaintiff's claimed damages as the basis for why this case is complex. See Mot. for Additional Time at 5–9. However, Defendants do not specifically explain how the underlying facts are sufficiently complex and instead summarize Plaintiff's allegations. Further, a party's deposition time only includes actual testimony. See M.D. Fla. Civil Discovery Handbook § II.A.1. Thus, any breaks Defendants anticipate Plaintiff may need to take during the deposition will not be included in their actual deposition time.

[3] Although the court ultimately granted additional time in Pace, the court did so because the deposing party did not have all the relevant documents prepared for the examinee's review during the initial deposition. See Pace, 2007 WL 470477 at *1–2.

Taser Int'l, Inc. v. Phazzer Elec., Inc., No: 6:16-cv-366-PGB-LHP, 2023 WL 12189259, at *1 (M.D. Fla. Mar. 29, 2023); see also Kleppinger, 283 F.R.D. at 334–36; Sabol-Krutz, 2016 WL 6277083 at *2. Both Kleppinger and Sabol-Krutz granted additional deposition time beyond seven hours after the initial depositions had occurred. See Kleppinger, 283 F.R.D. at 334–36 (finding good cause for additional time in a suit against the Texas Department of Transportation and ten individuals, which included a seventy-page complaint and numerous allegations across a four-year period); Sabol-Krutz, 2016 WL 6277083 at *2 (finding good cause after the initial deposition in a case involving a seven-count amended complaint with complex underlying issues and thousands of pages of discovery). Unlike Kleppinger and Sabol-Krutz, here, Defendants have not yet examined Plaintiff. See Kleppinger, 283 F.R.D. at 334; Sabol-Krutz, 2016 WL 6277083 at *2.

In addition, that Defendants are represented by more than one counsel does not justify granting additional time in this case. Defendants concede that each counsel's "anticipated questioning will surely overlap" and "do not seek to . . . be duplicative in their questioning." Mot. for Additional Time at 9. Although Defendants have the right to develop a "full and complete record" of the relevant facts underlying Plaintiff's claims, see Talarczyk, 2022 WL 22996547 at *2, Defendants have not demonstrated why additional time is necessary for each counsel to comprehensively examine Plaintiff if each counsel avoids duplicative questions. Defendants' counsel should coordinate prior to Plaintiff's deposition to discuss the

most efficient allocation of time in light of Rule 26(b)(2)(C). See Fed. R. Civ. P. 26(b)(2)(C).

Defendants anticipate discovery delays given the nature of the underlying claims and previous delays in discovery. See Mot. for Additional Time at 9–10. Defendants cite Miller, where the court granted additional time because the plaintiff responded to an interrogatory request informing the defendant's counsel the plaintiff would instead provide the requested information during the deposition, which subsequently accounted for much of the deposition time. See Miller, 205 F.R.D. at 541–42. Here, unlike Miller, Defendants have yet to examine Plaintiff and only speculate additional time will be necessary. If, as Defendants speculate, Plaintiff "delay[s] or impede[s] the deposition," Mot. for Additional Time at 10, Rule 30(d)(1) permits a motion for additional time subsequent to the initial examination. See Fed. R. Civ. P. 30(d)(1); see also Kleppinger, 283 F.R.D. at 334–36; Sabol-Krutz, 2016 WL 6277083 at *2. The court will entertain a motion for further deposition time if there are circumstances that impeded or delayed the deposition. See e.g., Miller, 205 F.R.D. at 541–42.

## CONCLUSION

At this time, Defendants have not established good cause for an additional five hours of deposition time in accordance with Rule 30(d)(1). See Fed. R. Civ. P. 30(d)(1). Therefore, it is

**ORDERED** that Defendants' Motion for Additional Time for Plaintiff's Deposition is DENIED; and it is further

**ORDERED** that Defendants shall have seven hours of deposition time to examine Plaintiff and the deposition shall be conducted consistent with the court's prior Protective Order, ECF No. 229.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated: October 2, 2026
New York, New York

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.