**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **JANE DOE, a pseudonym,**<br>**Plaintiff,**<br>**v.**<br>**BAKER COUNTY, ET AL.,**<br>**Defendants.** | **3:23-cv-00609-CRK-LLL** |

## INTRODUCTION

Before the court is Defendant Sheriff Scotty Rhoden's ("Sheriff Rhoden") motion to dismiss Plaintiff Jane Doe's ("Plaintiff") claim against him for violating her constitutional rights in his individual capacity under 42 U.S.C. § 1983. Def. Scotty Rhoden's Mot. to Dismiss Count XI of Pl. Fourth Amended Compl., Aug. 31, 2026, ECF No. 239 ("Def. Mot."); see Fourth Amended Compl., July 20, 2026, ECF No. 202-1 ("FAC"). Plaintiff responds in opposition to Defendant Sheriff Rhoden's Motion to Dismiss. Plaintiff's Response in Opposition to Def. Sheriff Rhoden Mot. to Dismiss Count XI of FAC, Sept. 11, 2026, ECF No. 260 ("Pl. Resp."). For the following reasons, Defendant Sheriff Rhoden's Motion to Dismiss is denied.

## BACKGROUND

This matter arises from Plaintiff's claims against Defendants Baker County Corrections Management Corporation ("BCCMC"), Sheriff Rhoden, Undersheriff Randy Crews, Lieutenant James Messer, Deputy Kristopher Kirkland, Deputy Tyler

Curry, and Deputy Wyatt Rhoden, (collectively, "Defendants") for assault, battery, false imprisonment, intentional infliction of emotional distress, sex trafficking, and violation of civil rights under 42 U.S.C. § 1983, during Plaintiff's detention at Baker County Detention Center ("BCDC"). See generally FAC. Plaintiff seeks economic and noneconomic damages, including compensation for pain and suffering, medical expenses, lost earnings, mental anguish, anxiety, humiliation and embarrassment, psychological and emotional pain, distress, injury, and loss of social pleasure and enjoyment. See generally id.

On August 11, 2023, Plaintiff filed her First Amended Complaint against Defendants including Section 1983 claims against Defendant Sheriff Rhoden in both his individual and official capacity.[1] See Pl. First Amended Complaint, Aug. 11, 2023, ECF No. 32 at ¶ ¶ 211–218 ("First Amended Compl."). Plaintiff alleged that as chief law enforcement official in Baker County and chief custodian of BCDC, Defendant Sheriff Rhoden knew "he was certain to cause physical and mental injury to Plaintiff" by failing to prevent Defendants' abusive conduct. See id. at ¶ 215.

On March 17, 2025, the court dismissed both Plaintiff's Section 1983 claim against Defendant Sheriff Rhoden. See Order re Mot. to Dismiss, Mar. 17, 2025, ECF No. 116 at 31 ("Dismissal"). The court reasoned Plaintiff had not pled sufficient facts demonstrating that Defendant Sheriff Rhoden personally participated in the constitutional violations, had notice of widespread abuse and needed to correct the

---

[1] Plaintiff filed her original complaint on May 19, 2023. See Complaint, May 19, 2023, ECF No. 1.

alleged misconduct, or directed his subordinates or knew his subordinates would act unlawfully without intervention. See id. at 27–28. The court also held Plaintiff failed to plead sufficient facts demonstrating that, in his official capacity, Defendant Sheriff Rhoden created a practice or policy of inadequate training or supervision at BCDC. See id. at 29–31.

On July 20, 2026, Plaintiff submitted a motion to amend Plaintiff's complaint. See Mot. for Leave to File Fourth Amended Compl., July 20, 2026, ECF No. 202 ("Mot. to Amend").[2] In the Motion to Amend, Plaintiff sought to reassert Section 1983 claims against Defendant Sheriff Rhoden in both his individual and official capacity. See id. at 1. Plaintiff alleged further discovery revealed "a longstanding pattern of similar conduct at BCDC that was facilitated by Sheriff Rhoden's failure to address systemic deficiencies and take reasonable preventative measures which were repeatedly identified." Id. at 3. Defendants opposed Plaintiff's Motion to Amend, arguing Plaintiff's intention to reassert Section 1983 claims against Defendant Sheriff Rhoden would be futile and prejudicial to Defendants. See Defs. Resp. Opp'n. Pl. Mot. for Leave to File Fourth Amended Compl., Aug. 3, 2026, ECF No. 209 at 6–17 ("Def. Resp. to FAC").

[2] Plaintiff filed her Second Amended Complaint on May 6, 2024, which alleged Section 1983 claims against Defendant Sheriff Rhoden in both his official and individual capacity. See ECF No. 79 at ¶ ¶ 5, 336–343. Following the court's order dismissing both of Plaintiff's Section 1983 claims against Defendant Sheriff Rhoden, see ECF No. 116, Plaintiff filed her Third Amended Complaint on May 5, 2025, and did not allege Section 1983 claims against Defendant Sheriff Rhoden. See generally ECF No. 141.

On August 10, 2026, the court granted Plaintiff's Motion to Amend, permitting Plaintiff to reassert Section 1983 claims against Defendant Sheriff Rhoden in both his individual and official capacity. See Order Granting Pl. Mot. to Amend the Compl., Aug. 10, 2026, ECF No. 216 at 12 ("Order Granting FAC"). The court reasoned that Plaintiff demonstrated good cause to amend her complaint after further discovery revealed new evidence Plaintiff could not have previously obtained. See id. at 4–6. Thus, the court rejected Defendants' argument that granting Plaintiff's amended complaint to reassert Plaintiff's Section 1983 claims against Defendant Sheriff Rhoden would be futile and prejudicial to Defendants. See id. at 6–12. The court subsequently deemed Plaintiff's FAC filed as of August 10, 2026. See id. at 12. On August 31, 2026, Defendant Sheriff Rhoden submitted a Motion to Dismiss Count XI of Plaintiff's FAC. See generally Def. Mot. On September 21, 2026, Plaintiff submitted her Response in Opposition to Defendant Sheriff Rhoden's Motion to Dismiss Count XI. See generally Pl. Resp.

## DISCUSSION

Defendant Sheriff Rhoden moves to dismiss Plaintiff's Section 1983 claim based on his individual capacity, arguing that Plaintiff's allegations of a causal connection between Defendant Sheriff Rhoden's actions and Plaintiff's constitutional deprivations are conclusory. See Def. Mot. at 3–17. Further, Defendant Sheriff Rhoden argues the claim must be dismissed because he is entitled to qualified immunity. See id. at 17–20. Plaintiff responds that Count XI of the FAC alleges specific facts supporting the inference that Defendant Sheriff Rhoden is liable in his

individual capacity because he had notice of dangerous conditions to which the Plaintiff was exposed, had the authority to correct the dangerous conditions, and "left known surveillance, tracking, supervision, training, reporting, and investigative failures uncorrected." Pl. Resp. at 2. Additionally, Plaintiff contends that Eleventh Circuit precedent clearly establishes the alleged failures in this case violate constitutional rights; therefore, Defendant Sheriff Rhoden is not entitled to qualified immunity. See id. at 18–20. For the reasons that follow, Defendant Sheriff Rhoden's Motion to Dismiss is denied.

## I. Plaintiff Alleges Sufficient Factual Matter in Support of Her Section 1983 Claim

Defendant Sheriff Rhoden argues that Plaintiff's claim that he is liable in his individual capacity for his subordinates violating Plaintiff's constitutional rights is conclusory and fails to establish his knowledge "based on nothing more than his job title." Def. Mot. at 6. Plaintiff responds that Defendant Sheriff Rhoden had notice of his subordinates' unconstitutional conduct based on 59 Prison Rape Elimination Act ("PREA") reports, known security deficiencies of monitoring inmates' movement, and recurring misconduct reports that should have been addressed through training. See Pl. Resp. at 13–14.[3] The allegations in Count XI of Plaintiff's FAC establish a

---

[3] Plaintiff further contends the court has already found the allegations in Count XI of Plaintiff's FAC sufficient. See Pl. Resp. at 9–11. Because the court concludes that Count XI pleads sufficient facts to plausibly show Defendant Sheriff Rhoden violated 42 U.S.C. § 1983 in his individual capacity and because Defendant Sheriff Rhoden is not entitled to qualified immunity, the court need not address this argument.

plausible causal connection between Defendant Sheriff Rhoden and his subordinates' unconstitutional conduct. Therefore, Defendant's Motion to Dismiss is denied.

A plaintiff must "state a claim upon which relief can be granted" otherwise the court shall dismiss the claim. Fed. R. Civ. P. 12(b)(6). To satisfy the Rule 12(b)(6) threshold, the plaintiff must assert a claim to relief "that is plausible on its face" based on "sufficient factual matter." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is "plausible on its face" when the plaintiff pleads sufficient facts that permit the court "to draw the reasonable inference that the defendant is liable." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556, 570).[4]

To assert a claim under Section 1983, a plaintiff must allege a person acting under the color of the law violated a specific right secured by the Constitution and laws of the United States. See West v. Atkins, 487 U.S. 42, 48 (1988); DeMartini v. Town of Gulf Stream, 942 F.3d 1277, 1288 (11th Cir. 2019) (citing Paez v. Mulvey, 915 F.3d 1276, 1285 (11th Cir. 2019)).[5] The Fourteenth Amendment protects

---

[4] When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts the "allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." Duty Free Americas, Inc. v. Estée Lauder Companies, Inc., 797 F.3d 1248, 1262 (11th Cir. 2015).

[5] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or

individuals from government decisions which deprive the individual of life, liberty, or property without due process of the law. See Daniels v. Williams, 474 U.S. 327, 331 (1986) (internal citations omitted). The Fourteenth Amendment provides for both substantive and procedural due process, and a violation of either may create the basis of a claim for a suit under Section 1983. See McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994) (citing Zinermon v. Burch, 494 U.S. 113, 125 (1990)).[6]

In Section 1983 claims, a plaintiff pleads supervisory liability, defeating qualified immunity, where the plaintiff alleges factual matter to support the inference that the defendant personally participated in unconstitutional conduct or there was a causal connection between the defendant and the constitutional violation. See Christmas v. Harris County, Georgia, 51 F.4th 1348, 1355 (11th Cir. 2022) (internal citations omitted). A causal connection exists where: (1) a history of widespread abuse placed the supervisor on notice of a deprivation, and the supervisor

> other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

[6] Substantive due process protects individuals from certain government conduct even if the government did not discriminate in its implementation of the conduct. See Collins v. City of Parker Heights, Texas, 503 U.S. 115, 125 (1992). A government actor's conduct will violate an individual's right to substantive due process if it is arbitrary or shocks the conscience. See Waddell v. Hendry Cnty. Sheriff's Off., 329 F.3d 1300, 1305 (11th Cir. 2003) (citing Collins, 503 U.S. at 112).

failed to correct the deprivation; (2) the supervisor's custom or policy resulted in deliberate indifference to constitutional rights; or (3) the facts support an inference that the supervisor either directed subordinates to act unlawfully or was aware of the subordinates' unlawful conduct and failed to stop them. See Keith v. DeKalb County, Georgia, 749 F.3d 1034, 1048 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)); see also Danley v. Allen, 540 F.3d 1298, 1315 (11th Cir. 2008) (affirming the lower court's order denying defendants' motion to dismiss on the grounds that a causal connection existed based on the plaintiff's alleged facts that the defendants had knowledge of excessive use of pepper spray through force reports, inmate complaints, and personal observations but took no action).[7]

Here, Plaintiff has alleged sufficient facts to establish a plausible causal connection between Defendant Sheriff Rhoden and his subordinates' constitutional violations. First, Plaintiff identifies 59 PREA reports from 2014 through Plaintiff's assault in 2019. See FAC at ¶ 67. Plaintiff specifically identifies 17 incidents of staff sexual abuse and harassment within this period. See id. at ¶ 69. Defendant argues that Plaintiff's claim "is not based on any facts establishing Sheriff Rhoden's involvement in or causation of a constitutional violation to Plaintiff, but on Sheriff

[7] At the motion to dismiss stage, a plaintiff must allege sufficient facts that could plausibly show a defendant personally participated in the constitutional violation, had notice of widespread abuse that the defendant failed to correct, formed a custom or policy which resulted in the deliberate indifference to constitutional rights, or was either indifferent or aware of subordinates' unconstitutional conduct and failed to stop them. See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556, 570); Keith, 749 F.3d at 1048.

Rhoden's job title alone." Def. Mot. at 2, 5–6.[8] However, the PREA reports from 2018 and 2019 are addressed to Defendant Sheriff Rhoden. See Def. Mot. Ex. 1 at 1, Ex. 2 at 1, ECF Nos. 239-1–239-2.[9] Unlike this court's prior dismissal where Plaintiff failed to allege facts which put Defendant Sheriff Rhoden "on notice of the need to correct

---

[8] Defendant Sheriff Rhoden also argues that Count XI of Plaintiff's FAC "fails to establish that any prior reported incident involving staff-on-detainee misconduct (i.e. groping) was substantially similar to the forcible rape she claims to have suffered." Def. Mot. at 13–14. As a preliminary matter, on a motion to dismiss the plaintiff does not need to establish facts, but rather must allege facts. Plaintiff alleges sufficient factual content from which the jury could infer Defendant Sheriff Rhoden plausibly had notice of his subordinates' unconstitutional conduct. See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570).

Moreover, the three cases Defendant Sheriff Rhoden cites for the proposition that Plaintiff failed to demonstrate her assault was substantially similar to prior staff-on-detainee misconduct, see Def. Mot. at 13–14, are distinguishable in that first case involves a Fourth Amendment claim, see generally Johnson v. Israel, 576 F. Supp. 3d 1231 (S.D. Fla. 2021), the second case involves excessive force, see generally Mercado v. City of Orlando, 407 F.3d 1152 (11th Cir. 2005), and the third expressly stated the court did "not believe that we are required to answer" whether a policy or custom of sexual harassment is substantially similar to rape because a jury verdict rendered no express finding as to whether the policy or custom of sexual harassment would permit a custom of allowing rape. See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1312 (11th Cir. 2001). Here, the PREA reports identify allegations of verbal sexual harassment and physical sexual abuse, see FAC at ¶ 70, and any inferences from those allegations are resolved in the non-movants favor. See Duty Free Americas, Inc., 797 F.3d at 1262.

[9] Generally, the court must only consider the pleadings and any attached exhibits when considering a motion to dismiss. See Baker v. City of Madison, Alabama, 67 F.4th 1268, 1276 (11th Cir. 2023). Nonetheless, under the incorporation-by-reference doctrine, the court may consider evidence attached to a motion to dismiss if "(1) 'the plaintiff refers to certain documents in the complaint,' (2) those documents are 'central to the plaintiff's claim', and (3) the documents' contents are undisputed." See id. (internal citations omitted). Incorporation-by-reference of the 2018 and 2019 PREA Reports is proper here because Plaintiff refers to the PREA reports throughout her FAC, the PREA reports are central to Plaintiff's claim on Defendant Sheriff Rhoden's notice, and the parties do not dispute the authenticity of the PREA reports.

the alleged deprivation," see Dismissal at 28, that Defendant Sheriff Rhoden is the individual the PREA reports are addressed to plausibly establishes that he was aware of the incidents within the PREA reports here. Further, the PREA reports addressed to Defendant Sheriff Rhoden provide statistical comparisons of PREA cases reported each year beginning in 2014. See Def. Mot. Ex. 1 at 4–5, Ex. 2 at 4–5, ECF Nos. 239-1–239-2. Thus, Plaintiff alleges Defendant Sheriff Rhoden was plausibly on notice of the subordinates' alleged unconstitutional conduct presented in the PREA reports addressed to him.

Next, Plaintiff alleges security and training deficiencies placed Defendant Sheriff Rhoden on notice. See FAC at ¶ 254; Pl. Resp. at 5–6. Plaintiff alleges twenty-eight (28) cameras planned for installation in 2018 had not been installed when Plaintiff was assaulted which left known blind spots in BCDC. See FAC at ¶ ¶ 55–56; Pl. Resp. at 5. Defendant Sheriff Rhoden concedes that he was on notice of the "lack of video monitoring in identified blind spots" in BCDC because the Sheriff's Office "sought" to implement the 28 cameras to address this issue, but claims Plaintiff cannot allege the area in which Plaintiff was assaulted was a "'known and identified'" blind spot. See Def. Mot. at 8, 16. However, Plaintiff alleges the blind spots included the location where Plaintiff was assaulted. See FAC at ¶ 56; Pl. Resp. at 5. Whether the unfulfilled plan to install more cameras established a causal connection to the failure to correct subordinates' constitutional violations is a question for the trier of fact. Therefore, at this stage, Defendant Sheriff Rhoden was plausibly on notice of

the existing blind spots and plausibly aware of the unconstitutional conduct occurring in the known blind spots.

Additionally, Plaintiff asserts officers would bypass detainee tracking by not scanning detainees' radio frequency identification devices ("RFID"), which went unaddressed and facilitated Plaintiff's assault. See FAC at ¶ ¶ 62–65; Pl. Resp. at 5. Further, the Operation, Management, and Maintenance Agreement ("OMMA") between BCDC and BCCMC assigned Sheriff Rhoden the duty to ensure jail officials follow generally accepted "Prisoner-locator practices," including proper prisoner "identification systems." See FAC at ¶ ¶ 21–23; Operation Management, and Maintenance Agreement, May 6, 2024, ECF No. 79-2, at Section 3.01. Defendant argues Count XI of Plaintiff's FAC does not establish a custom or practice of Guardian RFID misuse of which Defendant Sheriff Rhoden was aware. See Def. Mot. at 17. Nonetheless, the OMMA establishes Sheriff Rhoden plausibly should have been aware of whether proper prisoner locator practices were followed and subsequent constitutional violations. See OMMA at Section 3.01.

At the motion to dismiss stage, Plaintiff has established a plausible causal connection between Defendant Sheriff Rhoden and his subordinates' unconstitutional conduct. These facts—if proven—support Plaintiff's inference that Defendant Sheriff Rhoden was aware of his subordinates' unconstitutional conduct and failed to stop it.

## II. Defendant Sheriff Rhoden is Not Protected by Qualified Immunity

Defendant Sheriff Rhoden argues he is entitled to qualified immunity because Plaintiff "fails to plausibly establish Sheriff Rhoden knew about a widespread

practice of staff-on-detainee abuse or harassment and failed to do anything about it." Def. Mot. at 19. Plaintiff asserts Defendant Sheriff Rhoden had "fair warning" that "leaving recurring staff abuse and the conditions enabling it uncorrected could violate detainees' constitutional rights." Pl. Resp. at 19. The allegations in Count XI of Plaintiff's FAC establish that Defendant Sheriff Rhoden is not entitled to qualified immunity because he was plausibly aware of Plaintiff's constitutional violations.

Qualified immunity protects government officials from civil damage liability so long as the official's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Qualified immunity is not a mere defense to liability; but rather, an immunity from suit. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Once a defendant shows he acted within his discretionary authority, the burden shifts to the plaintiff to show a constitutional violation and that the right was "clearly established" at the time. See Case v. Eslinger, 555 F.3d 1317, 1325–26 (11th Cir. 2009). Whether a right is clearly established is a question of law. See Simmons v. Bradshaw, 879 F.3d 1157, 1163 (11th Cir. 2018) (citing Mitchell, 472 U.S. at 528). "A law is clearly established if the Supreme Court, the Eleventh Circuit, or the Supreme Court of Florida has confronted and ruled on the same facts." Mahan v. Samples, 807 F. Supp. 3d 1362, 1376 (M.D. Fla. 2025) (collecting cases). Where no precedent is directly on point, general statements can clearly establish the law if they provide "fair warning." Mercado v. City of Orlando, 407 F.3d 1152, 1159 (citing Willingham v. Loughnan, 321

F.3d 1299, 1301 (11th Cir. 2003)); see also Dickinson v. Cochran, 833 Fed. Appx. 268, 271 (11th Cir. 2020) (internal citations omitted) (explaining "a prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment [only] if the official is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury").

Here, Defendant Sheriff Rhoden had notice that he could face liability in his individual capacity for the failure to take reasonable steps to correct inadequacies in jail customs, policies, and training and security measures, that put inmates in danger of sexual abuse by jail officials at BCDC. It is clearly established that "the person charged with directing the governance, discipline, and policy" of a jail bears liability for the assault of inmates at the hands of jail personnel. See Mathews v. Crosby, 480 F.3d 1265, 1275 (11th Cir. 2007); see also LaMarca v. Turner, 995 F.2d 1526, 1539 (11th Cir. 1993) (holding that a prison warden could face liability because he failed to take appropriate measures to improve prisoner safety which created a climate that preordained the ensuing violence). Here, Plaintiff's allegations state a claim of violation of clearly established law. See Mitchell, 472 U.S. at 526.

Defendant argues that he is entitled to qualified immunity because Plaintiff cannot establish "'beyond debate'" that Defendant Sheriff Rhoden violated Plaintiff's constitutional rights. See Def. Mot. at 20. Defendant conflates the need to show a right is clearly established to overcome qualified immunity with Plaintiff's obligation to allege sufficient factual content to support the inference that Defendant Sheriff Rhoden acted with deliberate indifference. Plaintiff need not establish "beyond

debate" that Defendant violated Plaintiff's constitutional rights at the motion to dismiss stage. Rather, Plaintiff must only identify a clearly established constitutional right and sufficient facts to support an inference that Defendant Sheriff Rhoden plausibly violated that right. See Case, 555 F.3d at 1325–26; Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556, 570). Plaintiff did so here.

## CONCLUSION

Plaintiff's Count XI pleads sufficient facts to survive Defendant Sheriff Rhoden's Rule 12(b)(6) motion to dismiss. Plaintiff has alleged facts that could plausibly show Defendant Sheriff Rhoden violated 42 U.S.C. § 1983 in his individual capacity. Further, Plaintiff's right was clearly established at the time of its alleged violation and Defendant Sheriff Rhoden is not entitled to qualified immunity. Therefore, it is

**ORDERED** that Defendant Sheriff Rhoden's Motion to Dismiss Count XI of Plaintiff's Fourth Amended Complaint is DENIED; and it is further

**ORDERED** that Defendant Sheriff Rhoden shall file an answer to Count XI of Plaintiff's Fourth Amended Complaint on or before October 23, 2026, in accordance with Federal Rules of Civil Procedure 12(a)(4)(A).

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated: October 9, 2026
New York, New York

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.