**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF FLORIDA**

**JACKSONVILLE DIVISION**

| | |
|---|---|
| **JANE DOE, a pseudonym,**<br>**Plaintiff,**<br><br>**v.**<br>**BAKER COUNTY, ET AL.,**<br>**Defendants.** | **3:23-cv-00609-CRK-LLL** |

**INTRODUCTION**

Before the court is Defendants Baker County Corrections Management Corporation ("BCCMC"), Sheriff Rhoden, Undersheriff Randy Crews, Lieutenant James Messer, Deputy Kristopher Kirkland, Deputy Tyler Curry, and Deputy Wyatt Rhoden (collectively, "Defendants") Second Motion for Sanctions, October 28, 2026, ECF No. 272 ("Def. Mot."). See also Defendants' Notice of Partial Withdrawal and Supplement to Conferral on Second Motion for Sanctions, Nov. 13, 2026, ECF No. 275 ("Def. Supp."). Plaintiff Jane Doe ("Plaintiff") responds in opposition to Defendant's Second Motion for Sanctions. See Plaintiff's Response in Opposition to Defendant's Second Motion for Sanctions, Nov. 11, 2026, ECF No. 274 ("Pl. Resp."). For the following reasons, Defendants' Second Motion for Sanctions is denied.

## BACKGROUND

This matter arises from Plaintiff's claims against Defendants for assault, battery, false imprisonment, intentional infliction of emotional distress, sex trafficking and violation of civil rights under 42 U.S.C. § 1983, during her detention at Baker County Detention Center ("BCDC"). See Fourth Amended Complaint, July 20, 2026, ECF No. 202-1 ("FAC"). Plaintiff seeks economic and noneconomic damages, including compensation for pain and suffering, medical expenses, lost earnings, mental anguish, anxiety, humiliation and embarrassment, psychological and emotional pain, distress, injury and loss of social pleasure and enjoyment. See generally id.

On June 8, 2026, the court ordered Plaintiff's Rule 35 examination take place within the last two weeks of July 2026 or during the month of August 2026. See Order Amending 189 Scheduling Order, June 8, 2026, ECF No. 195. Following the court's order, the parties agreed to schedule Plaintiff's Rule 35 examination for August 24, 2026. See Defendants' Time Sensitive Motion for Sanctions and Other Relief, Aug. 26, 2026, ECF No. 234 at 3. On August 24, 2026, less than thirty minutes before the examination was scheduled to begin, Plaintiff's Counsel notified Defendants that Plaintiff was ill and could not attend the exam. See id. at 3–4. On August 26, 2026, Defendants filed their First Motion for Sanctions to cover the $3,500 cost incurred by Plaintiff's late cancellation of the Rule 35 exam. See id. at 5. Plaintiff filed her Response in Opposition to Defendants' First Motion for Sanctions, September 8, 2026, ECF No. 253.

On September 1, 2026, the court ordered Plaintiff to appear for her rescheduled Rule 35 Examination on October 5, 2026. See Second Order on Plaintiff's Rule 35 Examination, Sept. 1, 2026, ECF No. 247 at 2. On September 2, 2026, the court ordered the parties to mediate no later than October 1, 2026. See Order on Joint Status Report, Joint Proposed Amended Scheduling, and Mediation Deadline, September 2, 2026, ECF No. 251; see also Case Management and Scheduling Order, Sept. 9, 2026, ECF No. 256. On September 17, 2026, Defendants submitted a Notice of Mediation to be held on September 30, 2026, at 10:30 a.m. See Defendants' Notice of Mediation, Sept. 17, 2026, ECF No. 259. On September 25, 2026, the court deferred ruling on Defendants' First Motion for Sanctions until after the close of discovery on December 18, 2026, and the filing of supplemental briefing seven days later. See Order on Defendants' First Motion for Sanctions, Sept. 25, 2026, ECF No. 262 at 9–10 ("First Order on Sanctions").

On September 30, 2026, Plaintiff did not appear at the mediation until 11:04 a.m. See Pl. Resp. at 5; see also Def. Mot. at 4 (noting that Plaintiff arrived 30 minutes late). On October 5, 2026, Plaintiff's rescheduled Rule 35 examination began at 11:00 a.m., but Plaintiff did not arrive until 12:40 p.m. See Pl. Resp. at 9; see also Def. Supp. at 3. On October 28, 2026, Defendants filed their Second Motion for Sanctions. See generally Def. Mot. On November 11, 2026, Plaintiff filed her response. See generally Pl. Resp. On November 13, 2026, Defendants filed their Notice of Partial Withdrawal and Supplement to Conferral on Second Motion for Sanctions. See generally Def. Supp.

## DISCUSSION

Defendants request Plaintiff be sanctioned in the form of dismissal of this action, or alternatively, Plaintiff should be required to pay the costs associated with Plaintiff's one hour and forty-minute late arrival to the Rule 35 examination and Defendants' attorneys' fees incurred in preparing the second motion for sanctions. See Def. Mot. at 5; Def. Supp. at 3. Defendants argue that sanctions are appropriate given Plaintiff's recurring unjustified delays, which Defendants contend is evidence of bad faith or willful disregard of this court. See Def. Mot. at 5. In response, Plaintiff argues the court's September 25, 2026, order "deferred its sanctions assessment until after the rescheduled examination, Plaintiff's deposition, and the close of discovery," and Defendants failed to properly confer with Plaintiff regarding their Second Motion for Sanctions. See Pl. Resp. at 11–14. Alternatively, Plaintiff argues, even if the court considers Defendants Second Motion for Sanctions now, Defendants have not established dismissal with prejudice is justified, see id. at 14–16, and Defendants' "reduced expert invoice" does not prove the fees associated with filing the motion were "necessary, reasonable, or properly chargeable to Plaintiff." See id. at 17–19. Finally, Plaintiff's Counsel argues he should not be held responsible for Plaintiff's noncompliance,[1] see id. at 19–20, and that the court should not consider the issue of Plaintiff's arrival at the mediation as a basis for relief because Defendants agreed to

---

[1] Because Defendants do not argue Plaintiff's Counsel should be held responsible for Plaintiff's noncompliance, the court does not address the issue.

withdraw that portion of their motion.[2] See id. at 20. For the following reasons, sanctions are denied.

## I. Defendants' Request for Dismissal

Defendants claim the court should dismiss Plaintiff's suit with prejudice. See Def. Mot. at 5; Def. Supp. at 3. Defendants argue that dismissal with prejudice is warranted because Plaintiff has "put up road blocks at every stop in this litigation," which demonstrates Plaintiff's flagrant disregard of the court's orders and prior warnings. See Def. Mot. at 10–11. Plaintiff contends dismissal is not warranted because Defendants were able to obtain discovery in the Rule 35 examination and Defendants did not explain why any prejudice cannot be addressed with lesser sanctions than dismissal. See Pl. Resp. at 14–16. For the following reasons, Defendants' request to dismiss Plaintiff's case with prejudice is denied.

Federal Rule of Civil Procedure 16 governs sanctions for failure to comply with a scheduling order. See Fed. R. Civ. P. 16. Rule 16(f)(1)–(2) provides sanctions where:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> > (A) fails to appear at a scheduling or other pretrial conference;
> > (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
> > (C) fails to obey a scheduling or other pretrial order.
>
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the

[2] Two days after Plaintiff filed its motion fully briefing these issues, Defendants submitted a notice revising their original claims, withdrawing their claim for relief based on mediation and reducing their claim for costs for the Rule 35 exam from $500 to $250. See Def. Supp. at 2–3.

> reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(1)–(2).

Federal Rule of Civil Procedure 37 governs sanctions for failure to comply with discovery. See Fed. R. Civ. P. 37. Rule 37(b)(2)(A)–(C) provides sanctions for parties who fail to comply with a court order regarding discovery:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> > (iii) striking pleadings in whole or in part;
> > (iv) staying further proceedings until the order is obeyed;
> > (v) dismissing the action or proceeding in whole or in part;
> > (vi) rendering a default judgment against the disobedient party; or
> > (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> (B) For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.
>
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

> caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A)–(C); see also Tomlinson v. P.F. Chang's China Bistro, Inc., No. 8:25-CV-967-JLB-AAS, 2025 WL 3525494, at *2 (M.D. Fla. Dec. 9, 2025) (recognizing the parties' compliance with the court's discovery orders is mandatory, and the party whose conduct necessitates additional expense bears the burden of the resulting cost). Under Rule 37, the Court has the discretion to dismiss "the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Courts generally disfavor dismissing a proceeding with prejudice, however, the court may find dismissal appropriate where a plaintiff's failure to cooperate is due to willfulness, bad faith or fault. See, e.g., Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Courts have found willfulness, bad faith, or fault where a party demonstrates "flagrant bad faith and callous disregard of its responsibilities." Searock v. Stripling, 736 F.2d 650, 655 (11th Cir. 1984) (internal citations omitted). The Eleventh Circuit determined dismissal is justified where there is a clear history of delay or defiant conduct by the plaintiff, but absent this, a trial court is limited to lesser sanctions. See Ford v. Fogarty Van Lines, Inc., 780 F.2d 1582, 1583 (11th Cir. 1986) (reversing a district court's dismissal with prejudice because the district court did not consider lesser sanctions).

Here, Defendants' request to dismiss falls short of what is required for dismissal. Although there have been problems with Plaintiff's conduct during discovery, see First Order on Sanctions at 6 (recognizing Plaintiff's failure to attend her first medical examination without substantial justification), Plaintiff's conduct

does not rise to the level of flagrant bad faith and callous disregard. Compare, e.g., Phipps, 8 F.3d at 790–91 (finding that the plaintiff's conduct warranted dismissal after the court warned him of the possibility of dismissal and monetary sanctions were imposed and he still did not cooperate with discovery). Nonetheless, as indicated in this Court's First Order on Sanctions, dismissal as a remedy is available where the party has been forewarned and continuously fails to comply with the court's discovery orders. See First Order on Sanctions at 8 n.1 (internal citations omitted). If Plaintiff continues to disregard the court's required discovery orders, then dismissal may be warranted. However, Defendants' current request to dismiss Plaintiff's suit with prejudice is denied.

## II. Defendants' Request for Fees in Connection with Plaintiff's Rule 35 Exam

Defendants argue the court should grant monetary sanctions relating to Plaintiff's delay of the Rule 35 examination. See Def. Mot. at 5. Defendants claim Plaintiff arrived at least one hour and forty minutes late to the Rule 35 examination and should be sanctioned $250 to cover Dr. Rosenbaum's wasted time. See Def. Supp. at 3;[3] see also Def. Mot. at 8. Plaintiff does not dispute that she was one hour and forty minutes late for the exam but instead contends the court's decision on sanctions regarding the delayed Rule 35 examination should be addressed in the court ordered supplemental briefing on sanctions. See Pl. Resp. at 8–9, 11. For the following

[3] Defendants originally claimed that Plaintiff was two hours late to the examination. See Def. Mot. at 7–8.

reasons, Defendants' motion for monetary sanctions relating to Plaintiff's delay of the Rule 35 examination is denied.

As discussed above, Rule 37 empowers a court to require a "disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The non-disclosing party bears the burden of establishing that a failure to comply with discovery was substantially justified or harmless. See Mitchell v. Ford Motor Co., 318 Fed. App'x 821, 824 (11th Cir. 2009) (citing Leathers v. Pfizer, Inc., 233 F.R.D. 687, 697 (N.D. Ga. 2006)); see also Devaney v. Cont'l American Ins. Co., 989 F.2d 1154, 1162 (11th Cir. 1993) (finding the court does not need to find bad faith under Rule 37(b)(2) to impose sanctions). Courts have granted monetary sanctions under Rule 37 where the plaintiff was late for a medical exam and uncooperative with the examiner. See Gregory v. Miami-Dade Cnty., No. 13-21350, 2015 WL 13935271, at *16, 19 (S.D. Fla. June 10, 2015) (granting sanctions under Rule 37 where the plaintiff arrived 90 minutes late for his medical examination and refused to answer questions); see also NetJets Aviation, Inc. v. Peter Sleiman Development Group, LLC, No. 3:10-CV-483-J-32MCR, 2012 WL 5289615, at *2 (M.D. Fla. Oct. 25, 2012) (granting sanctions where the plaintiff arrived three hours and forty-five minutes late to a deposition and did not provide an explanation).

Plaintiff's failure to timely attend the Rule 35 examination warrants monetary sanctions, however, in this instance imposing sanctions would be unjust. Plaintiff

does not dispute that she arrived one hour and forty minutes late for her scheduled exam. See Pl. Resp. at 9; Def. Supp. at 3. Plaintiff explains she was anxious and overslept, causing her to be late for the examination, see Pl. Resp. at 4, but Plaintiff does not provide any evidence supporting that this delay was substantially justified. See generally id. Further, Defendants assert that during the examination, Plaintiff "refused to participate in one entire test (explicitly identified as part of the examination in [Defendants' Second Amended Notice of Rule 35 Examination, Oct. 28, 2026, ECF No. 272-1]), though she later agreed after meeting with her attorneys." See Def. Mot. at 8. Plaintiff acknowledges she "initially declined" to take the test until she consulted counsel. See Pl. Resp. at 14–15. Plaintiff offers no explanation for her initial refusal to take the required test. See generally id.

Plaintiff's conduct demonstrates disobedience to the court's Second Order on Plaintiff's Rule 35 Examination without substantial justification. See, e.g., Gregory, 2015 WL 13935271 at *15; NetJets Aviation, 2012 WL 5289615 at *2. The court has previously ordered multiple accommodations for Plaintiff's examination, see First Order on Rule 35 Examination, March 27, 2026, ECF No. 169 at 4–6, and Plaintiff already missed the first exam without substantial justification.[4] See First Order on

[4] Plaintiff argues the court has "deferred its sanctions assessment until . . . the close of discovery." See Pl. Resp. at 11–12. However, the court's First Order on Sanctions did not defer all future sanctions determinations until the close of discovery and instead only addressed Defendants' First Motion for Sanctions. See First Order on Sanctions at 9–10 (ordering "that Defendants' [First] Motion for Sanctions is deferred"). The court deferred Defendants First Motion for Sanctions to determine whether Plaintiff had demonstrated a pattern of uncooperative behavior and concluded it would be premature to issue sanctions at that time. See id. at 8–9. That

Sanctions at 6. Although the court deferred ruling on Defendants' First Motion for Sanctions when she missed the exam, the court warned both parties of the need to comply with discovery orders. See id. at 4, 8. Thus, monetary sanctions in this instance would be warranted; however, as discussed more fully below, it would be unjust to award the $250 sanctions Defendants seek given the expense Plaintiff's Counsel was forced to incur to resolve a matter that should have been resolved through conferral.

### III. Defendants' Request for Attorneys' Fees and the Requirement to Confer

Defendants request the court grant the cost of attorneys' fees associated with bringing Defendant's Second Motion for Sanctions "because of Plaintiff's utter disregard for this Court's Orders." See Def. Mot. at 5, 12; Def. Supp. at 3. Plaintiff contends attorneys' fees are not warranted because Defendants failed to meaningly confer with Plaintiff regarding disputed issues prior to filing their motion. See Pl. Resp. at 18. For the following reasons, Defendants' request for attorneys' fees is denied.

As referenced above, Rule 37 requires payment of reasonable expenses, including attorneys' fees, unless other circumstances make the award unjust. See Fed. R. Civ. P. 16(f)(2); Fed. R. Civ. P. 37(b)(2)(C). Additionally, Local Rule 3.01(g) requires the moving party to confer in good faith with the non-moving party to resolve

motion remains deferred and not dealt with in this order. Although the court still defers its order on Defendants' First Motion for Sanctions, see id. at 9–10, the court need not do the same here.

the motion. See M.D. Fla. Local R. 3.01(g). This court has previously explained to the parties that "confer" means the parties must have a "substantive discussion" which resolves, narrows, or clarifies discovery disputes. See Order on Discovery at 13 (citing M.D. Fla. Local R. 3.01(g); Middle District Discovery Handbook at I(A)(2)). Further, the Order on Discovery reminded the parties of their duty to ensure representations made to the court are accurate and to timely correct their assertions so as not to waste the court's or opposing party's time. See id. (citing Fed. R. Civ. P. 11(b); Rule 4-3.3(a), Rules Regulating the Florida Bar; M.D. Fla. Local Rule 3.01(g)(3)).

Here, attorneys' fees are not warranted because Defendants failed to properly confer with Plaintiff under Local Rule 3.01(g) prior to filing their motion. Defendants conferred with Plaintiff from October 6 until November 11 to narrow the issues on sanctions, including withdrawing mediation as a basis for relief and reducing the valuation of Dr. Rosenbaum's lost time at the Rule 35 examination. See Pl. Resp. at 5–9 (citing Exhibits A–Q). However, Defendants filed their motion on October 28—before the parties finished conferring. See Def. Mot. at 13; Pl. Resp. at 5–9. Defendants acknowledged the day after filing their motion that they would correct any misrepresentations relating to Plaintiff's late arrival at the mediation and costs incurred from the Rule 35 examination. See Pl. Resp. at Exh. D. On November 4, 2025, via email, Defendants agreed to withdraw their motion to the extent it is based on Plaintiff's tardiness at the mediation and reduce their claim from $500 to $250 for Plaintiff's delay of the Rule 35 examination. See id. at Exh. K. On November 5, 2026,

Plaintiff sought clarification from Defendants regarding the scope of the notice of withdrawal Defendants would make, see id. at Exh. M, to which Defendants responded on the same day. See id. at Exh. N–O. Yet, Defendants did not file a notice with the court until November 13—two days after Plaintiff filed its response. See Def. Supp at 3; see also Pl. Resp. at 8 (citing Exh. K). Had Defendants complied with the court's prior instructions to confer in good faith to avoid filing "unnecessary motion[s]," see Order on Discovery at 16, and taken a few additional steps to confirm their understanding was accurate, the parties could have avoided unnecessary work for themselves and the court. However, because Defendants failed to timely correct their motion, Plaintiff had to respond to Defendants' arguments on mediation and the Rule 35 examination's associated costs. See Pl. Resp. at 2; Def. Supp. at 2–3; see also Order on Discovery at 16 (warning the parties to not file unnecessary motions that they then fail to correct). Defendants wasted the court and Plaintiff's time by having to consider arguments Defendants agreed to withdraw from their motion but had not formally withdrawn.

Moreover, Rule 11 imposes upon attorneys a continuing obligation to advise the court of any changes regarding the veracity of information before the court. Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). The record demonstrates Defendants knew their October 28 motion needed correction as early as November 4, see Pl. Resp. at Exh. K, but Defendants failed to file the appropriate notice until November 13, 2026. See generally Def. Supp. Defendants' conduct falls short of their obligations to meaningfully confer and to keep the court informed of any changes as

to the information before the court. Thus, it would be unjust to sanction Plaintiff $250 or award attorneys' fees to the Defendants related to this motion.

## CONCLUSION

Defendants have not established that dismissal of Plaintiff's case is warranted as a sanction. Defendants have established that Plaintiff's one hour and forty-minute delay to the rescheduled Rule 35 exam was not substantially justified. However, granting sanctions would be unjust given Defendants' failure to properly confer. Further, granting attorneys' fees would be just because of Defendants' failure to properly confer. Therefore, it is

**ORDERED** that Defendants' request for a dismissal is denied; and it is further

**ORDERED** that Defendants' request for $250 for the delay of the Rule 35 examination is denied; and it is further

**ORDERED** that Defendants' request for attorneys' fees is denied.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated: November 17, 2026
New York, New York

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.