**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF FLORIDA**

**JACKSONVILLE DIVISION**

| | |
|---|---|
| **JANE DOE, a pseudonym,**<br>**Plaintiff,**<br><br>**v.**<br>**BAKER COUNTY, ET AL.,**<br>**Defendants.** | **3:23-cv-00609-CRK-LLL** |

## INTRODUCTION

Before the court is Defendants, Sheriff Scotty Rhoden ("Defendant Sheriff Rhoden" or "Sheriff Rhoden"), Baker County Corrections Management Corporation ("BCCMC"), Undersheriff Randy Crews, Lieutenant James Messer, Deputy Kristopher Kirkland, Deputy Tyler Curry, and Deputy Wyatt Rhoden's ("Young Rhoden") (collectively, "Defendants") Motion to Stay, October 30, 2026, ECF No. 273 ("Def. Mot."). Plaintiff Jane Doe ("Plaintiff") responds in opposition to Defendants' Motion to Stay. See Plaintiff's Response in Opposition to Def. Mot. to Stay, Nov. 13, 2026, ECF No. 276 ("Pl. Resp."). For the following reasons, Defendants' Motion to Stay is granted in part and denied in part.

## BACKGROUND

This matter arises from Plaintiff's claims against Defendants for negligence, assault, battery, false imprisonment, intentional infliction of emotional distress, and

sex trafficking during her detention at Baker County Detention Center ("BCDC"). See Fourth Amended Complaint, July 20, 2026, ECF No. 202-1 ("FAC"). Plaintiff seeks economic and noneconomic damages, including compensation for pain and suffering, medical expenses, lost earnings, mental anguish, anxiety, humiliation and embarrassment, psychological and emotional pain, distress, injury, and loss of social pleasure and enjoyment. See generally id.

Plaintiff alleges that at all times relevant to this case, Defendant Sheriff Rhoden was the Sheriff of Baker County Sheriff's Office ("BCSO") and served as Baker County's chief law enforcement official. FAC at ¶ 4; Def. Scotty Rhoden Answer and Affirmative Defenses to Fourth Amend. Compl. at ¶ 4, (Aug. 31, 2026), ECF No. 240 ("Def. Sheriff Rhoden Ans."). Sheriff Rhoden was responsible for the management, operation, and supervision of BCDC. FAC at ¶ 4; Def. Sheriff Rhoden Ans. at ¶ 4. Plaintiff alleges Sheriff Rhoden was also responsible for hiring and training staff at BCDC. FAC at ¶ 251. Additionally, Plaintiff alleges that Sheriff Rhoden had a duty to supervise deputies, including Defendants Robinson, Messer, Prescott, Kirkland, Curry and Young Rhoden, see id. at ¶ 157, and his failure to discipline or remove deputies who engaged in misconduct—including abuse and threats—allowed the misconduct and resulting harm to continue. Id. at ¶ 172.

On June 10, 2024, Defendants filed a motion to dismiss Plaintiff's Amended Complaint in its entirety. See ECF Nos. 86 (motion to dismiss), 28 (order granting Plaintiff leave to file an amended complaint), 32 (amended complaint). In her Amended Complaint, Plaintiff asserted she was suing Defendant Sheriff Rhoden "in

his official and individual capacities." See ECF No. 32, at ¶ 5. In resolving the motion to dismiss, the court concluded that Plaintiff failed to state a claim against Defendant Sheriff Rhoden in his individual capacity for negligence and under Section 1983. See ECF No. 116, at 17–18, 27–28, 31. Therefore, the court dismissed Plaintiff's claims of individual liability against Defendant Sheriff Rhoden in the amended complaint without prejudice.[1] See id., at 18, 27–28, 31.

Plaintiff filed a motion for leave to amend the complaint for a fourth time[2] to reassert her Section 1983 claims against Sheriff Rhoden, in his individual and official capacities, on July 20, 2026. See Pl. Mot. for Leave to File Fourth Amended Complaint, July 20, 2026, ECF No. 202. On August 10, 2026, the court granted Plaintiff leave to amend her complaint. See Order granting Pl. Mot. to Amend Compl., Aug. 10, 2026, ECF No. 216. On August 31, 2026, Defendant Sheriff Rhoden filed a motion to dismiss Count XI, the individual capacity claim asserted against him, asserting qualified immunity. Def. Sheriff Rhoden's Mot. to Dismiss for Failure to State a Claim (Count XI), Aug. 31, 2026, ECF No. 239. The court denied Defendant Sheriff Rhoden's Motion to Dismiss on October 9, 2026. Order Denying Defendant

---

[1] The court additionally concluded Plaintiff failed to plead a "Monell claim against Sheriff Rhoden in his official capacity," ECF No. 116, at 29, 31, but did plead sufficient facts to state a claim against Sheriff Rhoden "in his official capacity for vicarious liability." Id., at 16–17, 31.

[2] See ECF No. 140 (order granting motion for leave to file third amended complaint). Plaintiff sought to amend the complaint to substitute named Defendants Deputy Kirkland, Curry, and Young Rhoden, for previously unnamed defendants, and to clarify and supplement allegations. See ECF No. 138, at ¶ 10. The motion for leave to file the third amended complaint was unopposed by Defendants. See ECF No. 139.

Sheriff Rhoden's Motion to Dismiss Count XI, Oct. 9, 2026, ECF No. 266 ("Denial"). On October 23, 2026, Sheriff Rhoden filed a Notice of Appeal of the court's Denial. Notice of Interlocutory Appeal as to Order on Mot. to Dismiss, Oct. 26, 2026, ECF No. 267. On October 30, 2026, Defendants filed their Motion to Stay Pending Interlocutory Appeal. See generally Def. Mot. On November 13, 2026, Plaintiff filed her response in opposition to Defendants' Motion to Stay. See generally Pl. Resp.

There have been several delays in this case. On August 28, 2023, while Defendant Louis Robinson's criminal case was pending, and following a joint motion by the parties, the court stayed the case, directing the parties to file a status report on October 30, 2023, and every 60 days after. See Order Granting Joint Motion to Stay, Aug. 28, 2023, ECF No. 39; see also ECF No. 38 (joint motion to stay). On November 21, 2024, the court granted another motion to stay discovery pending resolution of the United States' jurisdictional challenge. See ECF Nos. 63 (motion to stay discovery), 111 (order staying discovery in its entirety). The court granted a 45 day stay on April 17, 2026, pending the resolution of a motion to withdraw. See ECF Nos. 172 (motion to withdraw), 183 (order staying discovery), 189 (order amending scheduling order and ordering the stay of discovery to lift on June 1, 2026).

## DISCUSSION

Defendants move to stay the action pending the outcome of the appeal of the court's Denial. See generally Def. Mot. Defendants assert that the outcome of the qualified immunity appeal will affect the scope and substance of Defendant Sheriff Rhoden, Defendant Crews, BCCMC's designated representative, and Plaintiff's

depositions, and allowing the proceeding to continue may ultimately require taking multiple depositions of these parties. See id. at 9–10;[3] see also Fed. R. Civ. P. 30(b)(6). Thus, Defendants argue that the interests of judicial economy support a stay. See Def. Mot. at 7–11. Plaintiff responds that allowing discovery to proceed would allow the parties to develop claims the court must resolve regardless of the outcome of the appeal. See Pl. Resp. at 6–10. Further, Plaintiff argues the prior multiple delays weigh against a blanket stay now. See id. at 10–11. Instead, Plaintiff suggests the court could impose restrictions on the subject, timing or the manner of discovery pending appeal, if deemed necessary. See id. at 17. For the following reasons, Defendants' Motion to Stay is granted in part and denied in part.

Generally, a stay of the district court's proceedings pending a qualified immunity appeal is warranted if the appeal is not frivolous;[4] however, a blanket stay including additional claims depends on the evidence involved in the remaining claims.[5] See Thomas v. City of Jacksonville, No. 3:13-CV-776-J-39PDB, 2015 WL

[3] Defendants assert that the qualified immunity appeal is not frivolous because the Fourth Amended Complaint does not allege facts establishing that Defendant Rhoden in his individual capacity was aware of any institutional failures at BCDC. See Def. Mot., at 6–7.

[4] A court may also evaluate whether the appeal is sought primarily to delay the case in its determination of whether to grant a stay. See Thomas v. City of Jacksonville, No. 3:13-CV-776-J-39PDB, 2015 WL 13439753 at *1; see also Claridy v. City of Lake City, No. 3:13-CV-558-J-39PDB, 2014 WL 11430972 at *1 (M.D. Fla. Nov. 25, 2014).

[5] "A district court's order denying a defendant's assertion of qualified immunity is an immediately appealable order within the meaning of 28 U.S.C. § 1291." Thomas, 2015 WL 13439753 at *1 (citing Mitchell v. Forsyth, 472 U.S. 511, 530 (1985)). "[O]nce a defendant raises the defense [of qualified immunity], 'the trial court must exercise its discretion . . . so that officials are not subjected to unnecessary and

13439753 at *1 (M.D. Fla. Feb. 18, 2015); see also Claridy v. City of Lake City, No. 3:13-CV-558-J-39PDB, 2014 WL 11430972 at *1 (M.D. Fla. Nov. 25, 2014). A court has discretion to allow limited discovery to continue for claims which are "not the subject of the interlocutory appeal." See R. F. J. v. Fla. Dep't of Child. & Fams., No. 3:15-CV-1184-J-32JBT, 2017 WL 11004970 at *2 (M.D. Fla. Feb. 24, 2017). For example, in R. F. J., the plaintiff brought Section 1983 claims against two individual defendants, as well as state law claims for wrongful death and negligent infliction of emotional distress. See id., 2017 WL 11004970 at *2. The court concluded the defendants appealing the issue of qualified immunity should be protected from discovery for the individual claims against them. See id., 2017 WL 11004970 at *2. The court additionally held that it was unnecessary to delay discovery for the additional claims, reasoning that the defendants appealing the qualified immunity ruling were not protected from discovery as fact witnesses for claims unrelated to the appeal since this discovery would take place regardless of the outcome of the appeal. See id., 2017 WL 11004970 at *2; see also Butler v. McDonough, No. 3:04-CV-917-J-32-MMH, 2006 WL 2583701 at *1–2 (M.D. Fla. Sept. 7, 2006) (granting the motion to stay claims dependent on qualified immunity and denying motions to stay discovery of claims unrelated to the qualified immunity appeal).

Similarly, in S.D. v. St. Johns Cnty. Sch. Dist., No. 3:09-CV-250-J-20-TEM, 2009 WL 4349878 at *4–5 (M.D. Fla. Nov. 24, 2009), the plaintiff brought Section

burdensome discovery or trial proceedings.'" Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998) (citing Crawford-El v. Britton, 523 U.S. 574, 597 (1998)).

1983 claims against individual defendants, as well as St. Johns County School District ("School District"). See S.D., 2009 WL 4349878 at *3. The individual defendants asserted the defense of qualified immunity and filed a motion to stay all discovery pending appeal. See id., 2009 WL 4349878 at *1. The court held that "[d]iscovery of facts relevant only to individual liability as to the named [i]ndividual [d]efendants is premature," and it was unreasonable to preclude the plaintiff from conducting discovery "that defendants failed to show was avoidable, overly broad, or broad-reaching." See id., 2009 WL 4349878 at *4.

Here, a stay of discovery relating to Defendant Sheriff Rhoden's qualified immunity claim is warranted pending the outcome of the appeal of the court's Denial. Plaintiff does not argue against a stay of this proceeding relating to Defendant Sheriff Rhoden's qualified immunity claim pending appeal or that Defendants are seeking a stay merely to delay the case. See generally Pl. Resp. Defendant Sheriff Rhoden's appeal is not frivolous and therefore, the case as to Defendant Sheriff Rhoden's qualified immunity claim is stayed pending resolution of the appeal.

However, a stay of discovery relating to Plaintiff's claims against the defendants other than Sheriff Rhoden is not warranted. Here, similar to R. F. J., the depositions of Undersheriff Crews, Plaintiff, and BCCMC's designated representative will take place regardless of the outcome of Defendant Sheriff Rhoden's qualified immunity appeal. See R. F. J., 2017 WL 11004970 at *2;[6] see also Fed. R. Civ. P.

---

[6] Count I of Plaintiff's Fourth Amended Complaint is for negligence against BCCMC. FAC at ¶¶ 174–185. Count II is an assault and battery charge against Defendant

30(b)(6). Further, even if the Eleventh Circuit dismisses Count XI against Defendant Sheriff Rhoden, Plaintiff will still have to take Sheriff Rhoden's deposition as to Count XII, the Section 1983 claim against Sheriff Rhoden in his official capacity. See FAC at ¶¶ 265–276. Both Defendant BCCMC and Defendant Crews will be deposed on facts related to matters other than Defendant Sheriff Rhoden's liability in his individual capacity. See Pl. Resp. at 7–8; see also R. F. J., 2017 WL 11004970 at *2 (citing Harris v. City of Balch Springs, 33 F. Supp. 3d 730, 732–33 (N.D. Tex. 2014) (explaining that discovery of claims "legally distinct" from the qualified immunity defense defendants had appealed could continue despite the appeal). Further, Plaintiff's testimony of the circumstances surrounding her assault relate to claims other than Defendant Sheriff Rhoden's liability in his individual capacity, and Defendant Sheriff Rhoden's own testimony, as Sheriff, will relate to institutional knowledge relevant to other counts in the lawsuit. See Pl. Resp. at 7, 9. Defendants have not provided the court with any evidence that proceeding with discovery

---

Robinson. Id. at ¶¶ 186–193. Count III asserts assault and battery against Defendants Messer, Prescott, Kirkland, Curry, and Young Rhoden. Id. at ¶¶ 194–201. Count IV is for false imprisonment against Defendant Robinson. Id. at ¶¶ 202–206. Count V is for false imprisonment against Defendants Messer, Prescott, Kirkland Curry and Young Rhoden. Id. at ¶¶ 207–211. Count VI is a claim of intentional infliction of emotional distress against Defendant Robinson. Id. at ¶¶ 212–219. Count VII is a claim of intentional infliction of emotional distress against Defendants Crews, Messer, Prescott, Kirkland, Curry, and Young Rhoden. Id. at ¶¶ 220–227. Count VIII is a claim of violation of TVPA, 18 U.S.C. § 1581 against Defendant Robinson. Id. at ¶¶ 228–235. Count IX is a Section 1983 claim against Defendant Robinson. Id. at ¶¶ 236–242. Count X is a Section 1983 claim against Defendants Crews, Messer, Prescott, Kirkland, Curry and Young Rhoden. Id. at ¶¶ 243–248. Finally, Count XII is a Section 1983 claim against Defendant Sheriff Rhoden in his official capacity. Id. at ¶¶ 265–276.

unrelated to the issue of whether Defendant Sheriff Rhoden is entitled to qualified immunity would otherwise be avoidable or overly broad. See, e.g., S.D., 2009 WL 4349878 at *4 (citing Rhodes v. Prince, No. 3:05-CV-2343-D, 2008 WL 4493590 (N.D. Tex. Oct. 3, 2008) (denying in part defendants' motion to stay discovery because the defendants failed to demonstrate that discovery plaintiff sought was avoidable). Qualified immunity is only a right to immunity from particular claims, not litigation generally, and while Defendant Rhoden can appeal the order denying dismissal of Count XI, he cannot avoid litigation or other discovery in the meantime. See, e.g., R. F. J., 2017 WL 11004970 at *2 (citing Harris, 33 F. Supp. 3d at 732–33); see also S.D., 2009 WL 4349878 at *4. Thus, it is unnecessary under these circumstances to order a complete stay of discovery outside of the qualified immunity claim. See R. F. J., 2017 WL 11004970 at *2; see also S.D., 2009 WL 4349878 at *4.

Defendants argue that a complete stay of discovery is warranted because it is in the best interests of the judicial economy and would avoid unnecessary discovery and litigation expenses since the parties and their counsel would otherwise need to conduct multiple depositions if this court's order is affirmed on appeal. See Def. Mot. at 9–10. The possibility of additional discovery is not enough to warrant a complete stay of discovery. See R. F. J., 2017 WL 11004970 at *2. The parties can confer and propose an agreement on discovery as to the remainder of the claims in the Fourth Amended Complaint unrelated to Defendant Sheriff Rhoden's qualified immunity appeal. To the extent discovery on some matters may need to occur after the resolution of the appeal, the court can adjust the schedule accordingly. Further,

allowing discovery to continue to the other claims will avoid further delays in a case that has already experienced significant delays.

## CONCLUSION

Therefore, the circumstances surrounding this motion provide that a stay of this proceeding related to Defendant Sheriff Rhoden's qualified immunity status is warranted pending the outcome of the appeal of the court's Denial. However, a stay of discovery unrelated to Defendant Sheriff Rhoden's qualified immunity status is not warranted. Accordingly, it is

**ORDERED** that Defendants' Motion to Stay related to Defendant Rhoden's qualified immunity appeal is granted; and it is further

**ORDERED** that the Motion to Stay is denied as to the remainder of discovery unrelated to Defendant Sheriff Rhoden's qualified immunity; and it is further

**ORDERED** that the parties shall continue with discovery concerning claims other than Count XI of Plaintiff's Fourth Amended Complaint; and it is further

**ORDERED** that the parties shall meet and confer and file a joint status report concerning discovery, as well as a proposed Case Management and Scheduling Order no later than December 7, 2026.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated: November 23, 2026
New York, New York

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.